THE STATE, Respondent, v. STOUT, Appellant.

1. It is unusual for the court to point out a particular witness and tell the jury to disregard his testimony, if they think he has testified falsely in one particular; and when this is done and all instructions upon the defence which the witness' testimony tends to establish are refused, it is clearly erroneous and a good ground for reversal.

*Appeal from Phelps Circuit Court.*

The defendant was indicted under the statute for an assault upon one Pleasant Caps. At the trial defendant offered Henry Caps as a witness to prove that Pleasant Caps had fired a pistol, drawn a knife, and did other acts which threw the defendant on the defensive. The court gave this instruction for the State: " 7. If the jury believe from the evidence that Henry Caps wilfully swore false to any material matters, then they may disregard his whole testimony." The instruction refused for defendant is in these words: " 3. A man has a right to defend himself and even to take the life of the assailant in his lawful defence, when there shall be reasonable cause to apprehend a design to commit a felony or to do some great personal injury, and there shall be reasonable cause to apprehend immediate danger of such design being accomplished; and if the jury believe from the evidence in this cause that at the time of the assaulting and beating of the said Pleasant Caps by defendant, defendant had reasonable grounds to apprehend a design on the part of Caps to commit a felony on defendant, or do him some great personal injury, and there was reasonable cause to apprehend immediate danger of such design being accomplished, the jury will find the defendant not guilty."

*Waddill*, for appellant.

*Knott*, (attorney general,) for the State.

NAPTON, Judge, delivered the opinion of the court.

The refusal of the court to give the third instruction asked by the defendant, taken in connection with the seventh given

for the State, had a tendency to withdraw from the jury altogether the question of self-defence. It is not usual for a court to point out a particular witness and tell the jury to disregard his testimony, if they think he has testified falsely in any material particular; and when this is done, and all instructions upon the defence which this witness' testimony tends to establish are refused, the jury must understand the court to be of opinion that no case of self-defence is made out; in other words, that the testimony of the suspected witness is entirely unworthy of credit. This conclusion may be correct, but it is the province of the jury, and not of the court, to pass upon the credibility of witnesses.

Judgment reversed and case remanded; Judge Ewing concurs. Judge Scott absent.