## CARL EHLERT v. HENRY F. KLENGER.

*Abandoning contract—Provocation—Questions of fact.*

A man made an agreement with his son-in-law whereby the latter was to take care of him if he would pay over all the wages he earned. He afterwards abandoned his son-in-law's house on account of personal violence, and sued him for breach of the agreement, claiming repayment of the money he had already paid him, except a sum which he credited for his board. *Held* that the case should have gone to the jury on the extent of the

provocation for abandoning the arrangement; or, if there was no contract, on the amount of counter-claim to which defendant would be entitled for plaintiff's board.

Error to Wayne. Submitted Jan. 22. Decided Feb. 11.

ASSUMPSIT. Plaintiff brings error.

*Charles E. Miller* and *Edwin F. Conely* for plaintiff in error. One who agrees to pay his earnings to another in return for his maintenance can rescind the agreement for non-performance of any important condition, Bish. Cont. 667–681; 2 Pars. Cont. 679; 2 Chitty Cont. 920; *Hill v. Rewee* 11 Met. 268; *Brown v. Harris* 2 Gray 359.

*Otto Kirchner* for defendant in error.

CAMPBELL, J. Ehlert, who is father-in-law of Klenger, sued Klenger for the breach of an agreement whereby, in consideration that plaintiff would go to work at his trade and work while his health would permit and pay over all his wages to defendant, the latter would provide him a home, and board, clothe and maintain him. The contract was averred to have been made on the 1st day of April, 1876, and the breach alleged was on the 12th day of May, 1879, when it was claimed Klenger ill-treated plaintiff, and refused to do further as he had agreed.

The declaration contained, besides a special count, the common counts, and the bill of particulars set out money paid to Klenger, amounting as claimed, to $845.05, on which plaintiff credited board to the amount of $450.

The court below directed the jury to give a verdict for the defendant. Plaintiff brings error.

The evidence showed a contract substantially as set out, and we do not think the record bears out the objection that no agreement was made except with Klenger's wife. There was evidence showing repeated recognitions by defendant of the understanding as binding on him-

self. And although the money was paid into the hands of Mrs. Klenger, yet it also was sworn that it was done with the concurrence of Klenger, she being treated as custodian of all the family funds.

The plaintiff left the house on account of personal violence. He testified to having been roughly handled on the evening of the 11th of May, 1879, when both he and defendant were more or less intoxicated, and that the latter made threats that he would break every bone in his body. Similar language was used as sworn to by another witness, that if it were not on account of his wife he would break every bone in the old man's body.

Whatever view the court may have taken of the extent of the provocation, we think it was a question for the jury. There is a great want of probability in the idea that the old man would have left as he did unless he at least thought he had sufficient cause; and there being no evidence of any *bona fide* attempt by his son-in-law or daughter to induce him to return, the jury might very properly have drawn the inference that the cause was not imaginary. Considering the relations of the parties, the case seems to us very far from warranting the conclusion that it was unfounded, or that defendant had any right to retain the whole sum deposited.

If as defendant claims there was no contract at all, then the money belonged to plaintiff, and defendant would have no counter-claim unless possibly for board, which the plaintiff offered to allow in reduction.

We think there was a case to go to the jury on either hypothesis.

The judgment must be reversed with costs, and a new trial granted.

**The other Justices concurred.**