The other Justices concurred.

---

## THEO. R. CHASE v. THE BUHL IRON WORKS.

*Agent's authority to receipt— Witness's credibility.*

1. Receipting in a firm name but in the form used by agents puts the person making payment on inquiry as to the receiptor's authority to take it.

2. Neither an agent nor a partner has any implied power to apply partnership moneys on private debts; and one who deals with an agent cannot, without the principal's authority or acquiescence, apply money due to the principal upon a private account with the agent.

3. It is improper to put a particular witness into undue prominence by charging the jury to find according to their belief in his evidence, if such a charge tends to ignore important facts in the case.

Error to Wayne.   (Speed, J.)   October 10.—October 15.

ASSUMPSIT.   Plaintiff brings error.   Reversed.

*Stewart & Galloway*, for appellant, cited Story on Agency §§ 98, 413;  Lloyd's Paley on Agency 278, 279, 280, 290,

291; *Stewart v. Aberdeen* 4 M. & W. 211, 228; *Barker v. Greenwood* 2 Y. & C. 414; *Morris v. Cleasby* 1 M. & S. 576, 579; *Russell v. Bangley* 4 B. & Ald. 395; *Scott v. Irving* 1 B. & Ad. 605; Story on Partnership § 132.

*Moore & Canfield* for appellee.

CAMPBELL, J.　Plaintiff, who had done business under the firm name of T. R. Chase & Co., sued defendants (as successors of the Detroit Locomotive Works) for a balance due for coal furnished the old company.　No question was made upon the identity of the succession.　The only defense was an alleged payment.

Chase proved the sale by and in the name of T. R. Chase & Co., of several items of coal at different times, and payments made by Captain R. J. Hackett, who had a wholesale coal office in the same room, and through whom the coal was ordered.　A final balance appeared of $46.

The defense introduced as a witness D. R. Pierce, who swore to settling with Hackett in full, supposing, as he said, that he was a member of the firm in whose name the sales were made.　Orders were sent to T. R. Chase & Co., and receipts given in their name by Hackett.　No inquiry was made concerning his authority.　A large part of the moneys receipted for by Hackett were credited him on an old personal account instead of being paid over in cash.　There was a conflict of testimony between Chase and Pierce as to the existence of an order or draft drawn by Chase on the Locomotive Works, and also as to whether Chase collected in person a part of the money named in the receipts, where the receipt was signed by him personally, and not by Hackett.

Without going further into details, it appears that on the trial the court told the jury that if they believed Pierce's testimony they might render a verdict for the defense, but otherwise for the plaintiff.

As there was a good deal of testimony in the case, the presentation of it in this way put Mr. Pierce into undue prominence, and would not have been quite fair, because tending to throw out of view some important circumstances.　But apart

from this consideration, it was erroneous. The business was done in the name of T. R. Chase & Co. If Hackett had been a partner it would not have been in the usual course of business to sign as he did. His signature was in the form used by agents. It was the business of the Locomotive Works to inquire into his agency, and they acted at their own risk, except so far as his acts were ratified. Under all the circumstances, however, they were ratified to such an extent that, if Pierce told all the facts, any cash payments to him would have been safe. But it is not within the implied powers of either an agent or a partner to apply partnership moneys on his private debts, and such an application, without the authority or acquiescence of Chase, was unwarranted. They had no right to assume that Chase knew or approved it. There is nothing to show that he ever heard of it, and he was not in fault for ignorance when Hackett paid him the amounts due. There is nothing in Pierce's testimony to show that he had any right to give Hackett credit for Chase's money as if it belonged to Hackett, and to apply it on private debts. The authorities cited on the argument are very full on this point.

The judgment must be reversed and a new trial granted.

The other Justices concurred.