SARAH A. COLE v. THE LAKE SHORE & MICHIGAN SOUTHERN RAILWAY COMPANY.

[See 81 Mich. 156.]

*Negligence—Permanency of injuries—Evidence—Credibility of witness—Impeachment—Absence of plaintiff from former trial.*

1. Where, in a negligence case, plaintiff's physician testifies fully in regard to her condition, and the disease from which she is suffering, resulting, as claimed, from the injuries received, it is competent for him to state from his experience, practice, and observation what percentage of persons in plaintiff's condition recover their health, the question having a direct bearing upon the permanency of the disease.

2. Evidence of the arrest and conviction of a witness for a crime is admissible as affecting his credibility; but it is not competent to show what the witness testified to on the trial in regard to the charge made against him.

3. It is not competent to cross-examine a witness in regard to his conviction of a crime, and then impeach his credit by showing that he has made statements contradictory to those made on such cross-examination.

4. The testimony of a physician, who has known the plaintiff for

some years, that, in his opinion, she is "shamming before the jury," is incompetent, the jury being as well qualified as the witness to give an opinion on that subject.

5. The following instructions as to the effect of the absence of the plaintiff from the first trial of the case are held to have been clear and explicit:

    a—Such absence is a circumstance to be considered by the jury, and, if not explained, must be taken as a circumstance against her, and as indicating that her evidence would have tended to weaken her case.

    b—It was plaintiff's duty to be present and give her testimony in her own behalf, if physically and mentally able to do so, and, if she was absent when able to be present, the jury may consider that as evidence tending to impeach the good faith of her claim.

6. Where the jury find that a witness has testified falsely as to any material fact in the case, they have the right to disregard his testimony, and it may be their duty to disregard it as to material facts, unless it appears from other testimony that it is true.

Error to Washtenaw. (Kinne, J.) Argued January 19, 1893. Decided March 10, 1893.

Negligence case. Defendant brings error. Affirmed. The facts are stated in the opinion, and in 69 Mich. 363, and 81 Id. 156.

*C. E. Weaver* (*George C. Greene* and *O. G. Getzen-Danner*, of counsel), for appellant, contended:

1. Where parties are engaged in various fraudulent transactions during a given period of time, evidence may be given of all of them for the purpose of the more definitely determining the object, purpose, and intent of the parties in a given transaction; citing *Stubly v. Beachboard*, 68 Mich. 401; *Beebe v. Knapp*, 28 Id. 53; *Castle v. Bullard*, 23 How. 172; *Hall v. Naylor*, 18 N. Y. 588; *Pomeroy v. Bailey*, 43 N. H. 125; *Eastman v. Premo*, 49 Vt. 355; *Olmsted v. Hotailing*, 1 Hill, 317.

*A. J. Sawyer* (*M. J. Lehman*, of counsel), for plaintiff.

GRANT, J. The liability of the defendant in this case has been determined by former adjudications of this Court.

*Cross v. Railway Co.*, 69 Mich. 363; *Cole v. Railway Co.*, 81 Id. 156. A full statement of the facts involved will there be found, rendering any further statement here unnecessary.[1] The only errors assigned relate to the admission of testimony and the charge of the court. Several of these were disposed of in the former opinion, and need not now be mentioned.

1. Plaintiff's physician had testified fully in regard to her condition, the disease from which she suffered, and its probable cause. He was then asked to state from his experience, practice, and observation what percentage of persons in her condition recover their health. The question had a direct bearing upon the permanency of the disease claimed to have resulted from her injury, and was competent.

2. Defendant introduced a record in the United States court of the arrest and conviction of plaintiff for a violation of the pension law, she being then a pensioner. This evidence was admissible to affect her credibility as a witness. She offered no testimony explanatory of the crime. Defendant then offered to show what she testified to in regard to that charge on the examination before the United States commissioner. The testimony was properly excluded. It has even been held that it is not competent for the party calling the witness whose credit has been impeached by the record of conviction to give evidence explanatory of the conviction, and in favor of the innocence of the witness. *Gardner v. Bartholomew*, 40 Barb. 325. Neither did this testimony have any tendency to prove a conspiracy between plaintiff and Mr. Cross to defraud the defendant. It follows that it was not competent to cross-examine plaintiff in regard to this crime, and then to impeach her credit by showing that she had made statements contradictory to those made on such cross-examination.

---

[1] The cases grew out of the same accident.

3. Defendant offered testimony of a physician, who had known plaintiff for some years, that, in his opinion, she was "shamming before the jury." This was properly excluded. A physician is no better qualified to give an opinion upon that subject than are jurors, who observe the actions and appearance of the witness upon the stand and in the court-room.

4. The circumstances under which plaintiff was absent at the first trial are fully stated in the former opinion. The learned circuit judge very fully and fairly instructed the jury that her absence was a circumstance to be considered, and, if not explained, must be taken as a circumstance against her, and as indicating that her evidence would have tended to weaken her case; that it was her duty to be present and give testimony in her own behalf, if physically and mentally able to do so, and that, if she was absent when able to be present, the jury might consider that as evidence tending to impeach the good faith of her claim. This charge was clear and explicit, and the court very properly refused the request of the defendant upon this subject.[1]

5. The court instructed the jury that, if they found that Mrs. Cole had testified falsely as to any material fact in the case, then they had the right to entirely disregard her testimony, and that it might be their duty to so disregard it as to material facts, unless it appeared from other testimony that her testimony was true. Defendant's counsel claim the rule to be that in such case the jury

---

[1] The request was as follows:
"Mrs. Cole knew, and she is the only person who did know, whether the condition which Dr. Whitbeck describes her to have been in was occasioned by an injury received by falling into the hole, as described by herself and the witness Cross. She alone could give positive testimony upon that point; and if she purposely stayed away from the former trial, and purposely omitted to have her deposition taken, then the presumption of law is that if she had testified her testimony would have been unfavorable to her case."

must disregard the testimony, unless it is supported by other evidence. The instruction given was correct.

We find no error in the record, and the judgment is affirmed.

The other Justices concurred.