CONNELL *v.* McNETT.

1.. BREACH OF WARRANTY—AMENDMENT OF BILL OF PARTIC-
ULARS.

An item for expenses in taking a horse to a neighboring town for treatment may be added to a bill of particulars, and does not enlarge the issue, in an action in *assumpsit* for breach of warranty on the sale of the horse, where the original bill set out the price of the horse, the amount paid for medical treatment, and the expense of care and keeping.

2. SAME—EVIDENCE.

Where, in such action, defendant testifies that he did not know at the time of the sale that the horse was unsound, his denial of an undertaking to deceive the plaintiff is properly excluded, as having no bearing upon the question at issue.

3. TRIAL—CONDUCT OF COUNSEL—REMARKS OF COURT.

In an action for breach of warranty of a horse, defendant offered to show that the day before the trial he had offered plaintiff for the horse the price she paid, and the amount of the doctor's bill for treatment. Upon a statement that the proposition was one of compromise, the evidence was excluded. Defendant's counsel thereupon insisted that it was admissible to show value, and on his own responsibility made an offer for the horse in open court, in the presence of the jury. *Held*, that the court was justified in remarking that he could not have the trial interrupted by horse dickers.

4. WITNESSES—COMPETENCY—OPINION EVIDENCE.

A witness who has shown himself to be possessed of a sufficient knowledge of the market value of horses to entitle him to speak upon the subject is competent to testify, in an action for breach of warranty of a horse, as to the value of the horse in question.

5. SAME—HYPOTHETICAL QUESTIONS.

Hypothetical questions so framed as to call for answers (*a*) based "particularly upon the testimony" of designated witnesses, or (*b*) based upon "the testimony in the case," which the witness says he has heard "to some extent," are properly excluded.

6. EVIDENCE—IMPLIED ADMISSION.

Evidence that, on a former trial in justice's court of an action for breach of warranty, the defendant was present, and heard all of plaintiff's testimony, but made no denial thereof, is admissible.

7. SAME—CONTRADICTORY STATEMENTS—IMPEACHMENT.

Evidence of statements made by a witness out of court, which tend to contradict his testimony, is inadmissible, where no foundation for impeachment has been laid.

8. BREACH OF WARRANTY—WAIVER—INSTRUCTIONS TO JURY.

In an action for breach of warranty on the sale of a horse, at the request of defendant, the jury were instructed that if, after plaintiff had paid part of the price, she was offered the return of the money, but refused it, and insisted upon the trade being carried out, and she had at this time discovered that the horse was lame and unsound, she could not recover. *Held*, that it was proper for the court to add, on its own motion, that if plaintiff saw the horse was lame, but supposed the lameness only temporary, this knowledge would not be inconsistent with her right to rely upon the warranty.

Error to Ottawa; Padgham, J. Submitted April 10, 1896. Decided May 19, 1896.

*Assumpsit* by Catharine Connell against Jacob B. Mc-Nett for breach of warranty. From a judgment for plaintiff, defendant brings error. Affirmed.

*R. W. Boynton* (*Walter I. Lillie* and *Stephen H. Clink*, of counsel), for appellant.

*George A. Farr*, for appellee.

MONTGOMERY, J. Plaintiff recovered a judgment in an action originally brought in justice's court to recover damages for a breach of warranty on a sale of a mare. The mare was purchased by the plaintiff for a driving mare, and the price of $225 in cash paid. Plaintiff offered testimony tending to show that she incurred an expense of $48 in having the mare treated, and that the care and keeping of the mare was worth $10 per month, and that she had been so lame from the time when she was first

delivered to her that she could not be put to any use, and that the lameness was the result of a permanent disease. The record contains a large number of assignments of error, but a discussion of a few of the alleged errors will dispose of all.

1. The bill of particulars in the justice's court contained three items: The price of the horse, $225; paid for medical treatment, $50; care and keeping of the horse, $50. On the trial, the plaintiff was permitted to add an item of expense for taking the mare to Grand Rapids, where she was treated. This was objected to as a surprise, and, in addition, the claim is made in this court that the issue presented in the justice's court was enlarged. We do not consider either objection sound. The cause of action in the justice's court was a breach of warranty. The item added was within the declaration, and did not introduce a new cause of action, and the nature of the case was such that it could have been met without an adjournment.

2. The defendant was asked on the stand if he had undertaken to deceive the plaintiff. The action was not for deceit, but in *assumpsit*, and, as defendant had already testified that he did not know that the mare was lame, a negative answer to this question would in no way have tended to negative the fact of a warranty; for, if he did not know the mare to be lame, a statement that she was sound would not show any attempt to deceive.

3. Numerous assignments of error rest upon a proposition of defendant to show that, after the trial in justice's court, and on the day before the trial in the circuit court, defendant had, through his wife, offered for the mare the $225 paid by plaintiff, and the doctor's bill. In answer to a question by the court, defendant's counsel at first stated that the proposition was one of compromise. After the testimony was ruled out on this statement, counsel insisted that the offer was admissible to show value. This was accompanied by an offer to make the proffer good, and counsel, on his own responsibility, saw fit to make an

offer of $100 for the horse in court, and in the presence of the jury. The patience of the trial judge with this attempt to turn the court room into a horse market was certainly as great as the parties attempting it had any right to expect, and the remark of the court that the trial would have to go on, and could not be interrupted with horse-track dickers while the suit was being tried, was entirely justified.

4. We think that there was no error committed in receiving the testimony offered by plaintiff to show the value of the mare. An examination of the record shows that the witnesses possessed a sufficient knowledge of the market to entitle them to speak upon the subject.

5. Defendant called a witness who had known the mare, when sold, and he was asked:

"Now, from what you know about this mare, and what you have heard testified to in reference to her present condition by the witnesses here, particularly Palmer and Fant, what would you say was the present fair market value of the mare?"

This question was properly excluded. It did not appear that the witness had heard all the testimony, and, if it were to be assumed that he had, a hypothetical question should not be based "particularly" on the testimony of a portion of the witnesses. *Kempsey* v. *McGinniss*, 21 Mich. 123. The same rule excludes the testimony of the witness Savidge, who was asked to base his opinion upon his knowledge of the mare 18 months before, and upon the testimony in the case, which he said he had heard "to some extent."

6. The testimony that defendant was present in justice's court, and heard the testimony in behalf of plaintiff, and made no denial of it, was admissible, within the rulings of this court in *Mooney* v. *Davis*, 75 Mich. 193; *Cole* v. *Railway Co.*, 81 Mich. 156, 95 Mich. 80.

7. It was not error to exclude testimony as to what Kellogg, a witness for the plaintiff, had stated as to the

value of the horse out of court, no foundation for impeachment having been laid.

8. The circuit judge, at the request of the defendant, charged that if, after plaintiff had paid $50 of the purchase price, she was offered a return of the money paid, but refused it, and insisted on the trade going through, and that at this time she had discovered that the mare was lame and unsound, she could not recover. The court added on its own motion, in effect, that if plaintiff saw that the mare was lame when she went to Holland, and supposed that the lameness was only temporary, this knowledge would not be inconsistent with her right to rely upon the warranty. It is contended that there was no basis in the testimony for this modification of defendant's request, but upon full consideration we think there was. There is no claim that plaintiff was told anything about the nature of the lameness. The testimony is confined to the statement that she saw that the horse was lame., This was denied by the plaintiff; but, if it be assumed that she did notice that the mare went lame, we think the jury had the right to take into consideration the fact, if they so found it, that the defendant had assured her that the horse was as sound as a bullet, and determine what inference the plaintiff must have drawn from what she saw at the time, in view of this statement of defendant.

No error to the prejudice of defendant was committed on the trial.

Judgment affirmed.

GRANT, HOOKER, and MOORE, JJ., concurred. LONG, C. J., did not sit.