JOHN W. ARGABRIGHT V. STATE OF NEBRASKA.

FILED DECEMBER 2, 1896.   No. 8148.

**Witnesses: INSTRUCTIONS.** The jury are the sole judges of the credibility of witnesses, and it is error for a trial court, in a criminal case, to single out a particular witness for the defense, by name, and give to the jury a cautionary instruction which applies directly to his testimony the rule of *"falsus in uno, falsus in omnibus."*

ERROR to the district court for Nemaha county. Tried below before BABCOCK, J.

*W. H. Kelligar* and *John S. Stull,* for plaintiff in error.

*A. S. Churchill, Attorney General,* and *George A. Day, Deputy Attorney General,* for the state.

HARRISON, J.

The plaintiff in error was, by an indictment filed in the district court of Nemaha county, charged with the crime of murder, and after a plea of "not guilty" was placed on trial. As a result of the trial he was convicted of manslaughter, and after motion for new trial was heard and overruled, he was sentenced to imprisonment in the penitentiary for a term of ten years. To obtain a review of the proceedings had during the trial, the case is presented to this court by petition in error.

No bill of exceptions has been filed in the case by plaintiff in error, for reasons which we need not here recount or notice, having been unable to obtain one; hence we can consider no other or further of the errors assigned than such as are fully apparent in the transcript prepared by the clerk of the district court. Of these one is that the court erred in giving instruction numbered thirteen of those requested to be given by the state. The instruction attacked is as follows: "If the jury believe from the evidence that the witnesses Lewis Morris, Hilton Stanley, and Perry Waltz have willfully sworn falsely on this trial as to any matter or thing material to the issue in the case, then the jury are at liberty to disregard their entire testimony, except in so far as it has been corroborated by other credible evidence, or by facts and circumstances proved on the trial." It is contended that this portion of the charge of the court is erroneous, in that it singled out certain individuals of the witnesses and directs especial attention to them and their testimony, respectively. That such action of the trial court was well calculated to induce a belief or an impression in the minds of the jury, or in the mind of any one or more of them, of the court's disbelief of the testimony of the witness or witnesses specifically named, or at least that the court viewed it with suspicion and felt inclined to discredit it.

One of the governing principles of the question in-

volved is that it is for the jury, and not the court, to pass upon the credibility of witnesses and to determine the weight to be accorded their testimony (*Hedman v. Anderson*, 6 Neb., 392; *Heldt v. State*, 20 Neb., 492; *State v. Cushing*, 29 Mo., 215; *Shellabarger v. Nafius*, 15 Kan., 547; *State v. Stout*, 31 Mo., 406); and extending this doctrine and applying it to an instruction on the maxim, *Falsus in uno, falsus in omnibus*, "the credibility of a witness who knowingly testifies falsely as to one or more material facts is wholly a matter for the jury." (*Schuek v. Hagar*, 24 Minn., 339.) "It is error to single out a particular witness and to direct such a cautionary instruction, although couched in proper terms against his testimony. The reason is that such a course tends to convey to the minds of the jury the impression that the testimony of the particular witness is disbelieved by the judge and is to be disregarded,—a question which it is their province to determine, and not his." (2 Thompson, Trials, sec. 2423, p. 1772.) "It is not usual for a court to point out a particular witness and tell the jury to disregard his testimony if they think he has testified falsely in any material particular; and when this is done, and all instructions upon the defense which this witness' testimony tends to establish are refused, the jury must understand the court to be of opinion that no case of self-defense is made out; in other words, that the testimony of the suspected witness is entirely unworthy of credit. This conclusion may be correct, but it is the province of the jury, and not of the court, to pass upon the credibility of witnesses." (*State v. Stout*, 31 Mo., 406.) "It is improper for the court to instruct the jury as to the weight they should give to particular testimony, or to the testimony of a particular witness, or to put a particular witness into undue prominence by charging the jury to find according to their belief in his evidence, if such charge tends to ignore other testimony; citing *Chase v. Buhl Iron Works*, 55 Mich., 139; *Springett v. Colerick*, 67 Mich., 362. On the other hand, a trial judge has no right so to instruct the

jury as manifestly to reflect upon a particular witness; citing *Grand Rapids & I. R. Co. v. Martin*, 41 Mich., 667, 672; *Wheeler v. Wallace*, 53 Mich., 355." "An instruction that if the jury find that any witness has testified falsely as to any material fact in the case, they are at liberty to reject and disbelieve all of his testimony, clearly and sufficiently states the law on the subject, and it is not error for the court to refuse to give a request applying such rule to a particular witness and challenging the attention of the jury to particular portions of his testimony, which the request assumes as false." (*Fraser v. Gates*, 86 Mich., 521.) "It is not proper for the court, in a criminal case, to designate the evidence of a witness who is not an acknowledged accomplice, and caution the jury against giving credence to it. Casting the influence of the court against the testimony of a particular witness, or the character of the evidence he gives, is not the usual way of either affecting the credibility of witnesses or the weight of testimony." (*Rafferty v. People*, 72 Ill., 37.) In the case of *State v. Kellerman*, 14 Kan., 135, it was said: "Where an instruction is asked that if a particular witness, naming him, has willfully testified falsely, etc., the justice should disregard his entire testimony, it is not error for the court to refuse such instruction and substitute one that if any witness has willfully testified falsely," etc.; and it was further observed on the same subject: "With reference to the first we have little difficulty. The rulings of the court were unquestionably correct. For instance, the appellant asked the court to instruct the jury that if one witness, naming him, testified willfully, falsely, etc., they must disregard his entire testimony. Instead of this the court charged that if any witness testified willfully, falsely, etc. The latter is the proper way. To single out a witness and by name give such an instruction in reference to him suggests a suspicion, if it does not imply a belief, on the part of the court of the witness' perjury." (See, also, *Cline v. Lindsey*, 9 West. Rep. [Ind.], 218, s. c., 11 N. E. Rep., 441.) It is error to

single out and instruct upon the evidence of a particular witness. (*Muely v. State*, 19 S. W. Rep. [Tex.], 915.) In the opinion in *Housh v. State*, 43 Neb., 163, in considering an objection alleged against an instruction it was stated by POST, J.: "Exception was taken to the following paragraph of the instructions: 'Under the law of this state the accused is a competent witness in his own behalf, and you are bound to consider his testimony; but in determining what weight to give to his testimony you may weigh it as you would the testimony of any other witness, and you may take into consideration his interest in the result of the trial, his manner, and the probability or improbability of his testimony, and giving to his testimony such weight as, under all the circumstances, you think it entitled to.' Were the question an open one at this time the writer would with reluctance sanction a practice which permits any reference by the court to the subject of the prisoner's credibility as a witness. There is on principle no more reason to call the attention of the jury to him, and to caution them to consider his interest as affecting his credibility, than for like caution with respect to any other witness; but that question has been fully settled in this court by decisions in conformity with the practice in this case, which we are constrained to follow. (See *St. Louis v. State*, 8 Neb., 405; *Murphy v. State*, 15 Neb., 383.)" 'In the opinion in the case of *Watson v. Roode*, 30 Neb., 264, one of the matters under consideration was the refusal of the trial court to give an instruction to the jury worded as follows: "The court instructs the jury that if they believe from the evidence that the plaintiff, Orange A. Roode, is a person of bad reputation for truth and veracity in the neighborhood where he resides, then, as a matter of law, this fact tends to discredit his testimony, and the jury may entirely disregard it, except in so far as he is corroborated by other credible testimony, or by facts and circumstances proved on the trial," and of this action it was said: "The defendant introduced several witnesses who testified that the plaint-

iff's reputation for truth and veracity in the neighbor-
hood where he lived was bad.   In view of this testimony
the jury should have been told what weight should be
given to the plaintiff's testimony.   The request con-
tained a correct statement of law, and as it was not cov-
ered by the instructions given it was error to refuse it;"
and in the syllabus of the opinion it was stated: "When
the general reputation of a witness for truth and veracity,
in the neighborhood where he resides, is proven bad, the
jury may entirely disregard the testimony of such wit-
ness, except in so far as he is corroborated by other
credible testimony."

Of the question presented in the last mentioned case
it may be said that in an effort to impeach a witness on
the ground that his reputation for truth and veracity is
bad, the witness is necessarily, as a part of the attempted
impeachment, singled out by name in the questions pro-
pounded and the evidence directed specifically against
him and his reputation for speaking the truth.   Hence
there is no impropriety in the trial court reading, as a
portion of a charge to the jury, an instruction in which
the witness sought to be impeached is named and the
jury told to apply the proper tests and rules.   In the
application of the rule invoked in the case at bar, that of
*"falsus in uno, falsus in omnibus,"* the question of whether
any one of the witnesses has willfully given false testi-
mony on any material point, and, if so, which of the wit-
nesses has so testified, must be determined from a view
and comparison of all the evidence adduced, which wit-
ness or set of witnesses, if any, has so sworn falsely
being as much a fact to be determined as any other por-
tion of the inquiry, and its settlement, as in all points of
fact, is one peculiarly and exclusively within the province
of the jury.

Believing, as we do, that to single out a witness or wit-
nesses by name and instruct the jury with regard to him
or them and the weight or credibility to be accorded his
or their testimony is subject to the infirmity that it may

mislead the jury, or some members thereof, to believe that the presiding judge doubts the integrity and truthfulness of such witnesses or witness, and discredit be thus cast upon testimony when the entire question should have been solved by the jury, and, moreover, that all difficulty may in all cases be avoided and the purpose sought be subserved and effectually and properly attained by giving a general instruction on the subject, applicable to any and all witnesses, we do not think it wise or best to extend the approval of this court to a doctrine or rule under which trial courts may designate witnesses by name in instructions upon the weight and credibility which may be given the testimony, beyond what has already been announced on the subject; hence we must disapprove the instruction given in the case at bar as improper and erroneous. The judgment and sentence of the district court will be reversed and the case remanded.

REVERSED AND REMANDED.