## HEDDLE *v.* CITY ELECTRIC RAILWAY CO.

1. TRIAL—EVIDENCE—FORM OF OBJECTION—DAMAGES.

   An objection that plaintiff's testimony in an action for personal injuries, to the effect that since being hurt she had received three calls to go out nursing, was inadmissible for the reason that her calling was not set out in the declaration, cannot be urged upon appeal, where the only objection offered at the trial was that the testimony was immaterial.

2. PERSONAL INJURIES—EVIDENCE—TESTIMONY OF PHYSICIAN.

   A question requiring a physician who attended a plaintiff suing for personal injuries to state whether he knew at the time that plaintiff contemplated a lawsuit against defendant was properly excluded, where he had given no testimony as to exclamations of pain, or testimony of any other character which would be affected or impaired by the fact that plaintiff contemplated bringing an action.

3. SAME—CONCLUSIONS OF WITNESS.

   Under such circumstances, it was within the discretion of the court not to permit such physician to be cross-examined as to whether or not plaintiff had made pretenses, during the last of his visits, that her injuries were more severe than they really were, there having been no preliminary inquiry as to the nature of the claims upon which the conclusion would be based.

4. SAME—EXCLAMATIONS OF PAIN.

    A physician may testify in an action for personal injuries as to plaintiff's exclamations of pain on an occasion when an examination was being made by him with a view to treatment.

5. TRIAL—WITNESSES—CREDIBILITY—INSTRUCTIONS.

    Defendant is not entitled, as an absolute right, to an instruction that, if the jury find that plaintiff has knowingly misrepresented and exaggerated the extent of the injuries for which she sues, they may disregard her testimony on the manner of the accident; especially where such testimony is fully corroborated.

Error to St. Clair; Eldredge, J., presiding. Submitted January 8, 1897. Decided May 11, 1897.

Case by Mary Ann Heddle against the City Electric Railway Company for personal injuries. From a judgment for plaintiff, defendant brings error. Affirmed.

*Phillips & Jenks* and *Brennan, Donnelly & Van De Mark*, for appellant.

*Thomas W. Butler* (*William T. Mitchell* and *Chadwick & McIlwain*, of counsel), for appellee.

MONTGOMERY, J. Plaintiff recovered a verdict for $800 for injuries received by being thrown from a car of defendant while attempting to alight. The questions of the defendant's negligence and the plaintiff's care were properly submitted to the jury, and, while an ingenious argument on the facts is presented by defendant's counsel, it is sufficient to say that, while there is no certificate that all the testimony is here, there is sufficient evidence appearing in the record to show that there was a conflict which it was the province of the jury to pass upon, and that such appears to have been the view of defendant's counsel on the trial, as appears by the requests. The assignments of error which are discussed in the brief of counsel relate to rulings admitting certain testimony and rejecting testimony offered by defendant, and the refusal to give one of defendant's requests.

1. It appeared that plaintiff had, prior to the injury, been accustomed to go out nursing, and she was asked whether, after being hurt, she had had any call to go nursing, and replied that she had had three. Defendant's counsel insist that this testimony was not admissible, for the reason that plaintiff's calling was not set out in the declaration. The record does not show that this specific objection was stated. The objection stated was that it was immaterial. It was not immaterial as preliminary to a showing of the loss of earnings, and was only objectionable, if at all, because of the state of the pleadings, to which the attention of the circuit judge should have been directed.

2. When the plaintiff first received her injury, she called Dr. Lohrstorfer to attend her. He testified that he was called on the 30th of May, and that he made an examination, and found a contusion of the left leg and knee,—a bruise on the outer side; that it was partially discolored, and that she complained of pain in her leg and knee; that he prescribed rest and cooling applications; that he called again June 6th, June 8th, June 9th, June 13th, June 15th, and June 19th, at which last date his visits ceased; that he made an examination every time he called; that about the 13th plaintiff told him that Dr. Vollmar and Dr. MacLaren had called and made an examination; that they sent for him, and he could not go. On cross-examination, he testified that he was quite busy at the time, and did not care to have much to do with the case. He was asked if he knew at that time that plaintiff was contemplating a lawsuit against defendant. This was excluded, and we think no error was committed in the ruling. The question plainly referred to the occasion of his last visit, or when he was last called to attend plaintiff. He had given no testimony as to any exclamations of pain at that time, or testimony of any other character which would be in the slightest degree affected or impaired by the fact that plaintiff may have contemplated bringing an action.

On further cross-examination witness was asked: "Is it not a fact that during the latter part of the times you called there she made pretense of her injuries being larger than they really were?" This question was, in effect, repeated in different forms, and ruled out, as calling for a conclusion of the witness. We think the court might properly require, as a preliminary to the question, some statement of what she claimed as to her injuries on the occasions in question, before permitting the witness to draw this conclusion; and, while it might not have been error to admit this testimony, we think it was a proper exercise of discretion to direct the course of examination to this preliminary inquiry, and that, if defendant's counsel desired to pursue the inquiry, they should have called for a statement for the jury, first, as to what the claims of the plaintiff in fact were. It is to be noted that the witness had not testified to any statements or exclamations of pain on the occasions referred to in these questions. It was opening a new field of inquiry. The case would be quite different had it appeared that on these occasions statements of the plaintiff or exclamations of pain had been offered in evidence. Undoubtedly, in such case, it would be competent to take the opinion of a medical man as to whether, from his examination, the patient was feigning.

3. Error is assigned on rulings permitting Dr. MacLaren to testify to exclamations of pain on an occasion when he was called to treat plaintiff. It is stated in the brief of counsel that it appears conclusively from the record that Dr. MacLaren was called simply to examine Mrs. Heddle, and not to prescribe for or treat her. If the record bore out this statement, and the objection had been put upon that ground, it should have been sustained, within the rule laid down in *Grand Rapids, etc., R. Co.* v. *Huntley*, 38 Mich. 544 (31 Am. Rep. 321), and *Jones* v. *Village of Portland*, 88 Mich. 598. But, unfortunately for defendant's contention, the record shows, not only that the objection was not put upon that specific

ground, but that there was testimony that Dr. MacLaren was called to treat plaintiff, and that the exclamations of pain were made on an occasion when an examination was being made with a view to such treatment, which brings the case within the rule laid down in *Mayo* v. *Wright*, 63 Mich. 44, *Lacas* v. *Railway Co.,* 92 Mich. 412, and *Strudgeon* v. *Village of Sand Beach*, 107 Mich. 496.

4. Error is assigned on the refusal of the court to give the defendant's first request, which reads as follows:

" The plaintiff in this case brings this action to recover damages for a claimed injury, which she alleges resulted from the negligence of defendant, and she has testified fully regarding the manner of the accident, and the extent and character of her injuries; and, if the jury find that she has knowingly misrepresented and exaggerated the extent and amount of her injuries, they may disregard her testimony upon the manner of the accident."

We think it was not the absolute right of defendant to have the request given in the exact language employed. It is the province of the jury to determine ultimately the credit to be given to a witness who has knowingly falsified or exaggerated as to certain facts. Whether the entire testimony of the witness is to be excluded depends upon the consideration of other questions, among which is that of whether the testimony is or is not corroborated by other witnesses. *Knowles* v. *People*, 15 Mich. 408; *O'Rourke* v. *O'Rourke*, 43 Mich. 61; *Cole* v. *Railway Co.*, 95 Mich. 80. The request omits any reference to the question of corroboration by other witnesses, although the testimony of the plaintiff as to the manner of the accident was fully corroborated. Furthermore, the better practice is for the court to frame instructions in such manner as not to imply a fixed opinion of his own, upon the question either of the truthfulness of the challenged statements or of the credit to be given to other portions of the testimony. *Fraser* v. *Haggerty*, 86 Mich. 530; *Argabright* v. *State*, (Neb.) 69 N. W. 102; 2 Thomp. Trials, § 2423. And although we do not hold that it is error to call attention to the testimony of a particular witness, and to give cautionary in-

structions framed in such language as to be in all other respects unobjectionable, we do not think that it is the right of either party to insist that this course be taken. In the present case, the court laid down general rules for the guidance of the jury in weighing testimony, which we think were sufficiently clear not to be misapprehended.

The other questions raised do not require discussion.

The judgment will be affirmed.

The other Justices concurred.