### LAVIOLETTE v. ALBERTS.

TRIAL—INSTRUCTIONS—PARTICULAR MAN'S TESTIMONY.

Where the testimony was brief, and limited to the two parties, and there was no possibility of a mistake, an instruction that, if the jury believed the testimony of defendant, the plaintiff could not recover, was not improper.

Error to Muskegon; Russell, J. Submitted January 31, 1901. Decided February 27, 1901.

Case by Charles Laviolette against Silas L. Alberts and Albro Enos, copartners as S. L. Alberts & Company, for breach of warranty. From a judgment for defendants, plaintiff brings error. Affirmed.

*Edward D. Haines* (*Cross & Lovelace*, of counsel), for appellant.

*Stephen H. Clink*, for appellees.

HOOKER, J. The question in this case upon its trial was whether the defendant was liable upon a breach of

warranty that certain onion seed sold by him to the plaintiff was of the Southport Red Globe variety. The only dispute was whether the defendant sold it as such without qualification, or with the statement that he bought it for that, but no man could be sure that onion seed bought in the market would prove true to name. The only testimony upon the disputed question was that of the two parties. One said it was sold without qualification; the other contradicted him.

The court left the case to the jury in a fair charge, but gave a request as follows:

"The defendants asked the court to charge the jury, as a matter of law, that, if they believe the testimony of Mr. Enos, the plaintiff cannot recover in this case."

Cases have been reversed upon such direction in some instances, but it was where, owing to the volume of testimony and number of witnesses, there was reason to believe injury might have been caused thereby. *Chase* v. *Iron Works*, 55 Mich. 139 (20 N. W. 827); *People* v. *Simpson*, 48 Mich. 478 (12 N. W. 662); *Fraser* v. *Haggerty*, 86 Mich. 531 (49 N. W. 616). Here the testimony is brief and pointed, and there was no possibility of a mistake, in view of the remainder of the charge.

The other questions need not be discussed. We think there was no error in them.

The judgment is affirmed.

The other Justices concurred.