BEATTIE v. J. L. HUDSON CO.

1. EVIDENCE—OPINION EVIDENCE—HYPOTHETICAL QUESTIONS.
   An expert medical witness' opinion, based on the facts stated in the hypothetical question and in part on a physical examination and in part on statements of the plaintiff and of her attending physician, should have been struck out on the motion of defendant's attorney, in a personal injury case.

2. SAME — BURDEN OF PROOF — NEGLIGENCE — CONTRIBUTORY NEGLI-
GENCE—TRIAL—CHARGE.
Defendant's request to charge that the burden of proof
rested on plaintiff to show, by a fair preponderance of the
evidence, that she had exercised reasonable care and
watchfulness to avert if possible a collision, should have
been given, in an action for injuries sustained in being
run down by a horse, and it was insufficient to state in the
charge the rule that plaintiff must exercise reasonable
care, etc.

3. SAME—NEGLIGENCE—ANIMALS.
It was misleading, also, to charge that if the plaintiff and
her companion were paying no attention to the passage
of vehicles on the street, and, while inattentive, walked
carelessly in front of defendant's delivery rig then being
driven across the street, as shown by a preponderance of
the evidence, plaintiff would be guilty of contributory
negligence, since the instruction appears to place the
burden of proof on the defendant.

Error to Wayne; Van Zile, J. Submitted October
10, 1913. (Docket No. 16.) Decided April 7, 1914.

Case by Lucy M. Beattie against the J. L. Hudson
Company for personal injuries. Judgment for plain-
tiff. Defendant brings error. Reversed.

Sloman & Sloman, for appellant.

Julius J. Thiede and Frank F. Bumps, for appellee.

While crossing Grand River avenue at the point of
its intersection with Woodward avenue, in the city of
Detroit, plaintiff, a pedestrian, came into collision
with a horse hitched to one of defendant's delivery
wagons, as a result of which she claims to have suf-
fered the injuries for which she brought suit. At
the time of the collision, plaintiff, accompanied by a
companion, was proceeding in a northerly direction,
while defendant's horse was being driven in a westerly
direction. The driver of the vehicle had been wait-
ing, upon the easterly side of Woodward avenue, for

the signal of the traffic officer to permit him to cross. Having received this, he proceeded westerly at a trot. When he reached that portion of Woodward avenue which would have been occupied by the westerly sidewalk if it had been extended across Grand River avenue, the left side or shoulder of his horse and the left thill of his wagon came into contact with plaintiff, who, in crossing, had reached a point just north of the northerly car track on Grand River avenue. Mrs. Davis, a friend of the plaintiff, testified that at the time of the collision she held plaintiff's arm, and that, when plaintiff was struck and thrown backwards, she (Mrs. Davis) prevented her from falling to the pavement. The horse was brought to an immediate stand.

As a result of the collision, plaintiff claims to have suffered 'a derangement of her genital organs, resulting in a cystic or fibroid condition of the uterus and appendages, which will necessitate the performance of a serious operation, the effect of which, according to the prognosis of some of the physicians, is not very favorable. Much medical evidence was introduced pro and con upon the question as to whether an injury such as plaintiff described could cause the results indicated by her present condition. There was likewise much evidence introduced upon the question of the negligence or lack of negligence on the part of the driver and as to whether plaintiff was or was not guilty of contributory negligence. The accident happened November 20, 1909, and the trial in the court below occurred in October, 1911.

Plaintiff recovered a judgment for $6,000, which is reviewed in this court by writ of error.

BROOKE, J. *(after stating the facts).* Of the 70 assignments of error, the first 34 deal with the admission or exclusion of testimony. We believe they

are without merit as constituting reversible error with one exception. Dr. Sanderson, an expert witness for plaintiff, in answer to a hypothetical question, gave evidence to the effect that in his opinion plaintiff's present condition was the result of the injury received by her in the accident. Upon cross-examination it developed that the opinion of the witness was based in part upon the facts stated in the hypothetical question, in part upon a physical examination, in part upon the history of the case as related to him by plaintiff, and in part upon what Dr. Oppermann, plaintiff's attending physician, had told him in a consultation. A motion was thereupon made to strike out Dr. Sanderson's testimony, which was denied. We think it obvious that an opinion based upon facts or information beyond the personal knowledge of the witness, and not in evidence, should not have been permitted to stand. *Connell* v. *McNett*, 109 Mich. 329 (67 N. W. 344) ; *La Londe* v. *Traction Co.*, 145 Mich. 77 (108 N. W. 365). It may be that the opinion of the witness, based solely upon his personal knowledge or observation and the facts in evidence, would have been the same, but of this we cannot be sure. It would seem clear that his evidence upon this point (strongly contested on the part of the defendant) was largely influential upon and may have controlled the verdict of the jury, which clearly indicates a belief in the theory which received his support.

By its second, eighth, and thirty-first requests to charge, defendant asked the court to instruct the jury as to the burden of proof. The eighth is in part as follows:

"The burden is upon her to satisfy you, by a fair preponderance of evidence, that she was not guilty of contributory negligence, and on this particular time and occasion she was exercising reasonable care and watchfulness to avoid and avert, if possible, a collision or accident."

Upon this point the court charged:.

"Now it is incumbent upon the plaintiff in this case, as in cases generally, to make out her case by a preponderance of the evidence; to make out her case by the truths that will convince you; to make out her case, to repeat, by a preponderance of evidence. That is to say, she must prove, gentlemen, to your satisfaction, each and every requisite to a recovery by her, and in this connection I wish to say to you that proof of an injury alone will not support her case. There must appear to be by the proofs adduced a concurrence of injury and wrong. That is, it must appear, not only that the plaintiff suffered injury from the acts of the defendant, but that the acts complained of, which resulted in the injury, were done in a manner and at a time, or under circumstances, which render it wrongful or lacking in due regard for the rights of others. Then, in order to recover in this case, plaintiff must make out a case, not only of injury, but of wrong upon the part of the defendant, or the servant acting in the line of his duty. And so it is that the burden of proving by a preponderance of proof rests upon the plaintiff, both of the wrongful act of the defendant, the injury which resulted therefrom to the plaintiff, and the damages she suffered because of that injury. This is all upon the plaintiff to prove. These .essentials must be shown by a preponderance of proof."

In another portion of the charge the jury is instructed that the plaintiff—

"In avoiding the danger, must exercise the same care; that is, the care and diligence that an ordinary person under just such circumstances would exercise in avoiding a collision with a wagon driven as this was driven across the street."

This was a correct statement of the law as bearing upon plaintiff's duty, but we have been unable to discover, anywhere in the charge, an instruction that the burden of proof rested upon plaintiff to show, by a fair preponderance of the evidence, that she had performed that duty. The case was a very close and hotly

contested one upon the question of plaintiff's contributory negligence. We are of opinion that it was reversible error for the court to refuse to at least give the substance of that portion of the eighth request above quoted.

Again the court charged:

"And, should you find that the claim of the witness Mrs. Davis is true, that she and the plaintiff were on the crossing, paying no attention to the passage of vehicles on the street, and while thus inattentive to the situation the plaintiff carelessly walked in front of the horse of the defendant, being at the time reasonably and with care driven across the street, if you find such facts as this to exist in the case, as proven by a preponderance of the proof, in such case the plaintiff would be guilty of contributory negligence and would not recover in this case. It would be in violation of the rule that I have already laid down that it is incumbent upon her to exercise reasonable care and caution in avoiding any accident or danger from passing vehicles."

This instruction would seem to place upon defendant the burden of showing plaintiff's contributory negligence, which is just the converse of the true rule.

Many other errors are assigned upon the refusal to charge as requested and to the charge as given. We are of opinion that they require no discussion.

For the errors pointed out, the judgment is reversed, and a new trial ordered.

McALVAY, C. J., and KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.