PEOPLE v. BREEN.

1. TRIAL—EVIDENCE—WITNESSES—APPEAL AND ERROR.
    Where one of the witnesses for the people, in a prosecution for larceny, proceeded to answer a question on cross-examination by respondent's counsel, without waiting for a ruling of the court on an objection made by the prosecution, and substantially covered the ground and purpose of the examiner, the respondent had no ground of complaint on error because the court sustained the objection.

2. SAME — CRIMINAL LAW — EVIDENCE — INCRIMINATING PROOFS — CONSTITUTIONAL LAW.
    The use of respondent's shoes, that a police officer had taken while respondent was in custody, for the purpose of comparing them with footprints of the respondent, was not an improper method of getting evidence, and did not force the accused to give evidence against himself.

3. SAME—APPEAL AND ERROR—EXCEPTION.
    A ruling of the court to which no exception was taken could not be reviewed on error.

4. SAME—CHARGE.
    It was not error to refuse to charge the jury, as requested by respondent, that they might reject the evidence of a witness if they found he had sworn falsely in regard to a material fact, etc., which contained no explanation in regard to corroborative evidence by other witnesses.

Error to Wayne; Van Zile, J. Submitted April 13, 1916. (Docket No. 125.) Decided June 1, 1916.

Dennis Breen and Robert McKnight were convicted of breaking and entering an office in the nighttime with intent to commit larceny. Affirmed.

*Grant Fellows*, Attorney General, *Charles H. Jasnowski*, Prosecuting Attorney, and *Paul H. Voorhies*, Assistant Prosecuting Attorney, for the people.

*Thomas L. Dalton* and *Thomas J. Mahon*, for respondents.

Four men, of whom appellants were two, were informed against for breaking and entering an office building not adjoining to or occupied with a dwelling house with intent to commit the crime of larceny, in the nighttime. One of the principal witnesses for the people at the trial was a Frank Mueller, who was with the defendants at least a portion of the time on the night in question. Having described his connection with the affair, he testified on cross-examination that he went to the police headquarters on the night following the commission of the alleged offense after having been asked by some detectives what he knew about this job, and told the officers all about it, or all he knew about it. He testified further, also upon cross-examination, that he had been an inmate of Ionia prison for two years, having been convicted of breaking and entering a butcher shop, and was asked:

"Now, you were in fear yourself of being arrested

for other crimes were you not at the time you made this statement to the police and sheriff?"

This was objected to as improper, and the court ruled that it was improper; but the witness answered:

"The officers have been talking to me right along for a time, about other things. About tires and a few other things. By tires I mean stolen tires.

"Q. You mean that they came to you and spoke—suspected you?

"A. They knew I had been hauling tires. I knew I was hauling stolen tires three or four months before this night. I hauled them where those fellows told me to."

The respondent being in custody, Breen's shoes were taken by an officer, or officers, for the purpose of comparing them with certain footprints, and a deputy sheriff was permitted over objection to testify that they seemed to fit perfectly into the footprints. No one representing the respondent Breen, or any of the respondents, was present when the shoes were being put to this use. With respect to these alleged footprints, a witness for the people was asked upon direct examination: "What did you do with reference to protecting them?" He answered: "Ordered the men not to walk approximately across the shrubbery beds." Counsel for the defendant moved that the answer be stricken out as being incompetent, and the court gave him an exception.

A certain overcoat was produced by the people as an exhibit. Another witness for the people was shown the coat and asked whether or not respondent Breen had it on in Cleveland, Ohio, on the 19th of November, when the witness saw him there. The answer was in the affirmative, but before the question was answered counsel for defendant objected that the testimony was not rebuttal and the witness' name not indorsed upon the information. To this ruling of the court no exception appears to have been taken.

The defendant preferred certain requests to charge, directed at the witness Mueller. The court was asked to charge that if they believed from his testimony that he had knowledge that a crime was about to be committed when he drove the defendants, or some of them, in a taxicab to a certain point on the evening in question, he must be regarded as an accomplice before the fact; that they should consider the testimony of an accomplice with great care and caution and disregard it if it had any features of untruth; that, if they found he had "wilfully sworn falsely to any material factor, you may reject his entire testimony"; that if they found him to be an accomplice they should consider "the inducement and influence for hope or promise under which he gave his testimony. You may consider the motive that prompted him to inform Mr. Parker, police officer, of the alleged offense." The court was requested to instruct the jury:

"If you find that any witness has wilfully and intentionally falsified as to any material fact in this case, you may reject the entire testimony of such witness."

None of these requests was given as preferred, but in respect to the duty of determining what witnesses had told the truth he advised the jury to take into account—

"The interests that the witness has in making the statement, the bias that he may have, if there is any, and if there are any compelling forces, if there are any compelling circumstances that are in his mind that cause him to make such a statement—all that may be taken into consideration. As is claimed here in this case by the defense, there are certain circumstances where certain of these witnesses have made certain statements, that they might fear prosecution, or that they have some interest in bringing about a conviction; or, upon the other hand, the prosecution may have claimed that there are certain interests that might bias certain of the witnesses. Now, these things

are always to be taken into consideration, if you find them to exist. If there is any bias upon the part of any witness, you have a right to consider that, if it is such a bias as attracts or challenges your attention. If there are any interests on the part of any witnesses, you are to take that into consideration, or if there is any compelling fact in hand that (you) may induce a witness to color his statements or testimony, you have a right to take that all into consideration. And you as reasonable men are supposed to apply those tests."

OSTRANDER, J. (*after stating the facts*). 1. Technically, the question asked the witness Mueller was objectionable in assuming that he was guilty of or believed or supposed he was suspected of having committed crimes other than those he had himself referred to. The purpose of the question, *i. e.*, to learn his attitude toward the police, and perhaps to show that he had a motive in assisting the police and in securing the conviction of respondents, was a proper one. In my opinion, the obvious purpose of the question was accomplished, considering the answer which was given, with the admissions of criminal conduct which the witness made.

2. Respondent Breen was not required to give testimony against himself because his shoes were used in the manner above stated.

3. It is plain that the testimony with respect to preserving the footprints which the shoes fitted is not incompetent.

4. The testimony relating to the overcoat was introduced in reply to testimony that the respondent never wore the coat. Without an exception, the point is not properly before us. But the prosecuting attorney could not have anticipated that the testimony would be important.

5. What was said in the opinion in *Heddle* v. *Railway Co.*, 112 Mich. 547, 551 (70 N. W. 1096, 1098), answers, I think, the objections based upon the failure

to instruct the jury as requested by respondents.  It was there said:

"We think it was not the absolute right of defendant to have the request given in the exact language employed.  It is the province of the jury to determine ultimately the credit to be given to a witness who has knowingly falsified or exaggerated as to certain facts. Whether the entire testimony of the witness is to be excluded depends upon the consideration of other questions, among which is that of whether the testimony is or is not corroborated by other witnesses.  *Knowles* v. *People*, 15 Mich. 408; *O'Rourke* v. *O'Rourke*, 43 Mich. 61 (4 N. W. 531) ; *Cole* v. *Railway Co.*, 95 Mich. 80 (54 N. W. 638).  The request omits any reference to the question of corroboration by other witnesses, although the testimony of the plaintiff as to the manner of the accident was fully corroborated.   Furthermore, the better practice is for the court to frame instructions in such manner as not to imply a fixed opinion of his own, upon the question either of the truthfulness of the challenged statements or of the credit to be given to other portions of the testimony.  *Fraser* v. *Haggerty*, 86 Mich. 530 (49 N. W. 616) ; *Argabright* v. *State*, 49 Neb. 760 (69 N. W. 102) ; 2 Thomp. Trials, § 2423.  And although we do not hold that it is error to call attention to the testimony of a particular witness, and to give cautionary instructions framed in such language as to be in all other respects unobjectionable, we do not think that it is the right of either party to insist that this course be taken.  In the present case, the court laid down general rules for the guidance of the jury in weighing testimony, which we think were sufficiently clear not to be misapprehended."

As a whole, the charge was exceptionally fair to respondents.  I think no reversible error is pointed out.

Affirmed.

STONE, C. J., and KUHN, BIRD, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.