## Henry Sebright v. John Moore.

*Weight of evidence: Question for the jury.* The weight of the evidence is a matter for the consideration of the jury only.

*Estoppel: Attachment: Disclaimer: Advising proceedings.* One who disclaimed ownership and advised an attachment of chattels as the property

of another and consented to the levy, is estopped from afterwards setting up a claim of title as against such proceedings.

*Heard October 28. Decided November 2.*

Error to Allegan Circuit.

This was replevin brought by Sebright to recover a yoke of oxen and an ox-yoke. Moore claimed them by virtue of a sale on execution against one Hill, issued upon a judgment in favor of one Cooper. The property was first taken on an attachment, and after judgment, was sold on the execution. Hill had contracted for the purchase of this property from Sebright to be paid for in work, and the title to remain in the vendor till payment; and he had also made a like contract for the purchase of a span of horses. The defendant urged that Sebright was estopped from asserting title by reason of statements sworn to have been made by him to Cooper before he sued out his attachment. These statements were in substance, that there was enough due to Hill for work to pay for the cattle, and that Cooper should go and take the cattle, and he would take the horses, and both would get their pay. The court ruled in substance, that if Sebright had by such statements induced Cooper to institute the attachment suit and make the levy, he would be estopped from afterwards setting up title in himself as against the title derived from the attachment proceedings. There was also evidence tending to show that the title to the cattle had in fact become absolute in Hill at the time of the attachment, and the court submitted the question as one of fact to the jury. The verdict and judgment were for the defendant, and the plaintiff brought error.

*Pope & Stuck*, for plaintiff in error.

*Littlejohn & Hart*, for defendant in error.

PER CURIAM:

*First.* It was for the jury to weigh the evidence, and if

they believed what Cooper and Gregory swore to, the proof went beyond what is necessary for an estoppel, and showed that Sebright actually disclaimed ownership, affirmed that Hill was owner, and advised Cooper to levy on the cattle as Hill's property. Assuming the truth of this testimony, as we must upon the point made, Sebright expressly consented to the levy, and to all the succeeding steps which appear to have been taken to bind the property for the attachment debt.

*Second.* The evidence given by these witnesses very plainly conduced to show that Hill was absolute owner at the time of the levy, and, with the other facts, justified the instruction concerning Hill's right at the time of Sebright's sale to him.

The judgment should be affirmed, with costs.