THE PEOPLE v. JOHN KAMINSKY.

[See 70 Mich. 653.]

73  637
116  389

*Bastardy—Jurisdiction of police court of Detroit—Evidence.*

1. The police court of Detroit has authority to examine a person on the charge of bastardy, and bind him over for trial at the circuit court, under Act No. 161, Laws of 1885.

2. In a bastardy case the defendant has a right to show that other men had sexual intercourse with the complainant about the same time the child is claimed to have been begotten, not only by eye-witnesses, but, if he can do so, by the men themselves, and it is gross error for the court to state to the jury his opinion of such witnesses, or that he would instruct the jury to disregard their testimony if offered, the credit to be given them being entirely with the jury.

*Certiorari* to review proceedings of police court of Detroit and circuit court of Wayne county in the examination, trial, and conviction of respondent for bastardy. Argued January 29, 1889.    Conviction reversed February 1, 1889.

*Oscar M. Springer,* for petitioner.

*George F. Robison,* Prosecuting Attorney, and *Thos. Kissane,* for the people.

MORSE, J.    The respondent, a resident of the city of Detroit, was arrested for bastardy on the complaint of Annie Sawonski, also a resident of that city.    The warrant was issued by Police Justice Haug, and the defendant bound over to the circuit court of Wayne county for trial.    At the trial in the last-named court, and before the impaneling of the jury, the counsel for the respondent moved to dismiss the cause, on the ground that the police court of Detroit had no jurisdiction in bastardy

proceedings, and that the complaint should have been made before a justice of the peace. This motion was denied by the court.

By Act No. 161, Laws of 1885, establishing the police court of Detroit, jurisdiction is given—

"To hear, try, and determine, or otherwise lawfully entertain, conduct, and dispose of, all cases and proceedings arising within the corporate limits of the city of Detroit, under the laws of this State relative to disorderly persons, *illegitimate children,*" etc.; also to "entertain, conduct, and dispose of all preliminary examinations into crimes, misdemeanors, and offenses." Laws of 1885, § 10, Act No. 161, p. 219.

Under this act the police court has undoubted authority to examine a person on the charge of bastardy, and to bind him over to the circuit court for trial. See *People v. Phalen,* 49 Mich. 492 (13 N. W. Rep. 830), referring to police court act of Grand Rapids (Laws of 1879, § 6, Act No. 76, p. 68).

Upon the trial the following colloquy occurred between the counsel for the defendant and the court:

"*Mr. Springer.* I have got four witnesses not here. They are subpœnaed. Subpœnas were issued this morning at half-past 9, and the witnesses should have been here by this time. I want to show that this young woman, in March, 1887, about the time they claim this young man had intercourse with her, had intercourse with one of the witnesses that I am waiting for. He said that he would swear to it.

"*Court.* If he will come into the court and swear to it now, I will instruct the jury to utterly disregard any such testimony as that. If anybody will come into court and swear to criminal intercourse with her, when the matter is being tried, I do not believe he is a fit man to be heard before a jury.

"*Mr. Springer.* I want an exception to the court's remarks as improper and prejudicial to the defendant. I also want to show by other witnesses, three witnesses have seen this young woman have intercourse with other

men, about the time she claims the defendant was intimate with her.

"*Court.* You had better call them. Maybe they are here. I would like to see a young man come into the court and swear to anything like that. Go ahead and make your argument, if they are not here. Note an exception. Go ahead with your argument. I want to get through the argument before dinner.

"*Mr. Springer.* Give me an exception to the instructions of the court to go ahead without our witnesses, and to the refusal of the court to give the defendant opportunity to make his defense."

The circuit judge then proceeded to charge the jury, and at the close of his instructions alluded to the matter again, as follows:

"The remark made regarding counsel's witnesses I do not wish to reflect anything upon Mr. Springer, because I have known him a good many years, and he is a respectable man; but I stated that if a man comes into any place (I did not mean this case particularly), but if a man voluntarily gives testimony that he had criminal intercourse with a girl, and thus keeps that girl from having her children protected, I say that man would not be a reliable witness, that is all.

"*Mr. Springer.* They have not offered to come upon the stand voluntarily. They have refused to come in. They were subpoenaed.

"*The Court.* But if they had come on the stand, and given testimony, it would not be credible."

This action of the court was gross error. The defendant had a right to show that other men had had sexual intercourse with the complainant about the time the child was claimed to have been begotten, not only by witnesses who saw such intercourse, but, if he could do so, by the persons themselves who had been thus intimate with her, and the court had no right to state to the jury what his opinion of such witnesses was, or that he would instruct the jury to disregard their testimony, thus practically shutting out this defense from their consideration. The

credit to be given to these witnesses would have been a matter, under all the circumstances, entirely within the province of the jury.

The respondent was convicted and ordered to pay $25 within 30 days, and the further sum of $8 per month thereafter for the maintenance of the child; also to give bonds to the superintendents of the poor of Wayne county, with good sureties, to indemnify said county against the child becoming a public charge, and that he be committed to the Detroit House of Correction until he should give such bond or be discharged by due process of law. June 12, 1888, this Court, upon writ of *habeas corpus,* released him from such imprisonment, for the reason that confinement within that institution for bastardy was illegal. *In re Kaminsky,* 70 Mich. 653 (38 N. W. Rep. 659). The proceedings in the police and circuit courts are now brought here for review on writ of *certiorari.*

The conviction and judgment of the circuit court must be reversed and vacated.

The other Justices concurred.