PEOPLE v. CRAIG.

CRIMINAL LAW — CARNAL KNOWLEDGE OF CHILD — WITNESSES —
VERACITY—EVIDENCE.

In a prosecution for carnally knowing a female under the
age of 16 years, the prosecution attempted to show, as a
corroborative circumstance, that pregnancy had resulted from
the alleged intercourse with respondent. Upon cross-exami-
nation, the prosecutrix admitted having written certain con-
fessions of respondent's innocence and of her own miscon-
duct, but claimed that they were written by direction of re-
spondent, and under threats. Held, that it was competent
for respondent to show, as bearing on the truthfulness of the
prosecutrix, that the girl had had intercourse with others.

Error to Houghton; Hubbell, J. Submitted January
28, 1898. Decided March 22, 1898.

George Craig was convicted of carnally knowing a
female under the age of 16 years, and sentenced to im-
prisonment for 20 years in the state prison at Marquette.
Reversed.

J. F. Hambitzer, for appellant.

Fred A. Maynard, Attorney General, and A. T.
Streeter, Prosecuting Attorney, for the people.

MONTGOMERY, J. Respondent was convicted of hav-
ing carnal knowledge of a female child, one Annie Dapio,
while a member of respondent's family. On the trial she
gave evidence supporting the charge, and also gave testi-
mony tending to show that respondent furnished her med-
icines, which she took by his direction, and which pro-
duced a miscarriage. On her cross-examination, written
confessions, signed by her, were introduced, and also a
written statement to the effect that respondent had always
treated her kindly, and that he had never tried to take

any liberty with her.  The witness admitted having written these letters, but testified that they were written by direction of respondent, and under threats.  Respondent was a witness in his own behalf, and, after having denied the charge brought against him, testified that "Annie was a wild girl, and that he had just about caught her in different places,—that is, with different ones."  He was asked, "When did you first commence noticing these acts of hers,—the first that you saw anything of the kind?" That was objected to, and ruled out.

We think this testimony should have been received for its bearing on the truthfulness of the complaining witness. It is true, as contended by the prosecution, that the character of the female for chastity is not ordinarily involved in a prosecution for this offense; but by the receipt of these confessions, and the statement of the witness that they were forced from her, the line of inquiry was opened up, particularly as the prosecution had attempted to show that pregnancy had resulted from the alleged intercourse with respondent.  This could only have been offered to corroborate the statement of the complaining witness.  If competent for this purpose, it was proper for respondent to meet it by showing a state of facts justifying an inference that another than he was responsible for the condition of the girl.  *People* v. *Kaminsky*, 73 Mich. 638.  This question was preliminary, it is true, but the objection was that "the fact that she [the witness] had a crime committed on her by some one else can have no bearing on the question involved."  Respondent's counsel stated that it was offered for its bearing on the truth and veracity of the witness.  For this purpose it was admissible.  However strong the case for the people may be, we think the defense was entitled to the benefit of this testimony.

Conviction set aside, and new trial ordered.

The other Justices concurred.