PEOPLE *v.* STISON.

1. CRIMINAL LAW—EVIDENCE—DYING DECLARATIONS—INCEST.
    On a prosecution for incest, the dying declaration of the woman to the effect that respondent is responsible for her pregnancy is inadmissible.[1]

2. INCEST—EVIDENCE—PREGNANCY—KNOWLEDGE OF RESPONDENT.
    Where, on the prosecution of respondent for incest with his niece, it is shown that she went to a hospital in a distant city under an assumed name, and that respondent corresponded with her while denying that he knew where she was, evidence of her pregnancy and the birth of a child, and that respondent sent her money, is admissible.

[1] As to admissibility of dying declarations, see note to *Worthington* v. *State* (Md.), 56 L. R. A. 353.

Exceptions before judgment from Oakland; Smith, J. Submitted April 28, 1905. (Docket No. 192.) Decided May 12, 1905.

Waterman P. Stison was convicted of incest. Reversed.

Respondent was convicted of the crime of incest with his niece, 19 years of age. She was pregnant, and died in a lying-in hospital soon after the birth of the child. Respondent's wife had left him, and his niece lived at his house, doing the household work and attending school. She left and went to a lying-in hospital at a distant city under an assumed name. She corresponded with the respondent while there under this assumed name. In view of impending death, she stated to her attendants that the respondent was responsible for her condition. Evidence of these dying declarations was admitted under objection and exception.

*Davis & Bromley,* for appellant.

*John E. Bird,* Attorney General, and *Frank L. Covert,* Prosecuting Attorney (*K. P. Rockwell,* of counsel), for the people.

GRANT, J. (*after stating the facts*). 1. This ruling presents the main question we need to consider. The decisions of courts are nearly unanimous in holding that dying declarations—the exception to the rule of evidence excluding hearsay testimony—are confined to cases of homicide. The attorney general relies upon the reasoning in *People* v. *Lonsdale,* 122 Mich. 388, as applicable to a case of this character. That was a case of homicide alleged to have been produced by abortion. But we there said:

"The admission of dying declarations forms an exception to the law of evidence, and is now confined to cases of homicide."

The only case cited on behalf of the people to the contrary is the case of *McFarland* v. *Shaw,* 4 N. C. 200,

decided in 1816. We do not consider the reasoning in that case sound, and it does not appear to have been followed by any court since. See 10 Am. & Eng. Enc. Law (2d Ed.), p. 370, par. 9, note 9. A rule so long and so universally recognized by the wisdom of judicial decisions should not now be set aside.

2. Complaint is made of the admission of evidence of the pregnancy of the deceased girl and the birth of the child. As independent facts, this might be incompetent. *Commonwealth* v. *O'Connor*, 107 Mass. 219; *State* v. *Pruett*, 144 Mo. 92. The charge against the respondent was that of sexual intercourse with his niece. It was impracticable to separate these facts from others connected therewith, which, if true, tended strongly to show the act of intercourse. She went to a distant city to a hospital, under an assumed name, in order, if possible, that she might hide her shame. She and the respondent were in correspondence under this assumed name. He deceived her parents, informing them that he did not know where their daughter was. Any testimony tending to show that he had had intercourse with her was competent. Her pregnancy, and the fact, if it be a fact, that he gave her money and assisted in secreting her until the child was born, are some evidence tending to show that he recognized himself as the parent of the child. Under the facts of the case, there was no error in admitting this testimony.

Conviction reversed, and new trial ordered.

MOORE, C. J., and BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.