PEOPLE v. BROWN.

1. RAPE—EVIDENCE—OTHER OFFENSES—SUBSEQUENT ACTS.
   In a prosecution for rape, evidence of subsequent acts of sexual intercourse between defendant and prosecutrix is inadmissible.[1]

2. CRIMINAL LAW—TRIAL—ARGUMENTATIVE INSTRUCTIONS.
   In a prosecution of a negro for the alleged rape of a white girl, an instruction that prosecutrix is a little girl; that her condition must draw on the sympathy of any moral man, and, if she is in the family way with a colored man, it makes it still worse; that the jury are entitled to consider the fact that she acknowledges that she is in the family way from a colored man as bearing on the truth of her story, and whether it would be natural for a young girl to acknowledge that, etc.,—is erroneous as argumentative.

Error to Van Buren; Carr, J. Submitted November 16, 1905. (Docket No. 251.) Decided January 23, 1906.

Ela Brown was convicted of statutory rape, and sentenced to imprisonment for two years in the branch of the State prison at Marquette. Reversed.

*Anderson & Warner*, for appellant.

*John E. Bird*, Attorney General, and *Russell M. Chase*, Prosecuting Attorney, for the people.

HOOKER, J. The defendant was convicted and sentenced to two years' imprisonment for the offense of statutory rape; the girl being a few days under 16 years of age according to the testimony upon the subject. The act was proved by her own and other testimony, and, as no testimony was offered for the defendant, it is not in

[1] As to evidence of other crimes in criminal case, see *People* v. *Nagle*, 137 Mich. 88, and note to *People* v. *Molineux* (N. Y.), 62 L. R. A. 193.

any way contradicted. The time fixed was late in June, 1904. Her sixteenth birthday was July 15, 1904.

The first error assigned relates to testimony of other acts of intercourse, all after July 15, 1904, and proof by a physician that she was pregnant in March and May, 1905, together with her own testimony that she had sexual intercourse with the defendant several times, and that she believed herself pregnant, and, if so, he was the cause of it. The judge admitted this testimony upon the theory that it tended to show the relations of the parties, and corroborate the testimony regarding the offense charged, and he instructed the jury that:

"You are to consider this evidence and give it such weight as you think it entitled to, in determining whether this respondent did or did not, on or about the date charged, have intercourse with Pearl Mull."

The Michigan authorities supposed to support the ruling, which have been brought to our notice, are the following: *Badder* v. *Keefer*, 91 Mich. 614; *People* v. *Hubbard*, 92 Mich. 326; *People* v. *Schilling*, 110 Mich. 412; *People* v. *Craig*, 116 Mich. 388; *Matthews* v. *Detroit Journal Co.*, 123 Mich. 608; *People* v. *Jamieson*, 124 Mich. 164; *People* v. *Elco*, 131 Mich. 520; *People* v. *Dupounce*, 133 Mich. 2; *People* v. *Stison*, 140 Mich. 216.

We may divide these into two classes of cases, civil and criminal. We will first discuss the former. *Badder* v. *Keefer*, supra, was a civil action for seduction. The question ruled upon is made clear by the ruling, which was as follows:

"It was competent for plaintiff to show by the witness Nora that she yielded to defendant's solicitations under promise of marriage, and also to show subsequent acts of illicit intercourse. This is a civil case, and the rule stated in *People* v. *Clark*, 33 Mich. 112, a criminal prosecution for seduction, does not apply."

This testimony was admissible as bearing upon the question of damages. It was competent to receive this as a part of the res gestæ, as it constituted a part of the

transaction, which was a continuing act or relation following and growing out of the seduction and promise. See *Kennedy* v. *Shea*, 110 Mass. 147; *Blagge* v. *Ilsley*, 127 Mass. 191; *Lavery* v. *Crooke*, 52 Wis. 612; *Klopfer* v. *Bromme*, 26 Wis. 372; *Davidson* v. *Goodall*, 18 N. H. 423; *Hewitt* v. *Prime*, 21 Wend. (N. Y.) 79; *White* v. *Murtland*, 71 Ill. 250; *Stoudt* v. *Shepherd*, 73 Mich. 598.

Several of the cases are bastardy proceedings, which are classed as civil proceedings, or at least not criminal. *People* v. *Harty*, 49 Mich. 490; *In re Cannon*, 47 Mich. 485. The cases of *Badder* v. *Keefer* and *People* v. *Schilling* related to previous acts only, and therefore need no discussion. In the *Case of Jamieson*, supra, it was said:

"Upon the trial respondent's counsel objected to the introduction of testimony showing acts of sexual intercourse about the 1st of October following. Respondent absolutely denied any sexual intercourse with the complainant. Acts of intercourse and undue familiarity both before and after the alleged act resulting in conception are admissible, as bearing upon the probability of the intercourse at the time stated in the complaint."

This case clearly holds that such testimony is admissible to prove the former act, and, unless there is thought to be a distinction between bastardy cases and criminal cases, which admits of a different rule, is an authority in point. It is noticeable that both cases cited in support of the rule are distinguishable. Thus, *People* v. *Schilling*, supra, related to a previous act, about which the authorities agree, while *Matthews* v. *Detroit Journal Co.*, supra, was a libel suit, where the subsequent act did not involve sexual intercourse, but only friendly or intimate conduct, though improper, and moreover the testimony was offered by the defendant, and was well calculated to mitigate damages. It is fair to state, however, that the case holds that it was admissible to prove a former act of adultery, and that it is supported by several criminal cases cited from other States.

The case of *People* v. *Stison*, 140 Mich. 216, was a charge of incest. Complaint was made of the admission of evidence of her pregnancy and the birth of a child. The opinion intimates that this evidence standing alone might not have been admissible, but in connection with other facts it was. These facts were that the pregnancy was probably the result of the act charged; that the girl went to a hospital in another town under an assumed name; that defendant corresponded with her under that name while she was there, deceiving her parents by saying that he did not know her whereabouts. An admission that he was the father of a child thus begotten would be admissible, and these circumstances were convincing as tending to show a recognition of the relation charged. This case is not in point, therefore. Upon the other hand, we find a number of cases denying the admissibility of such testimony.

In *People* v. *Jenness*, 5 Mich. 306, there is an implication that the testimony should be limited to previous acts. See, also, *Templeton* v. *People*, 27 Mich. 502.

In *People* v. *Clark*, 33 Mich. 112, a seduction case, it was distinctly held that previous, *but not subsequent* acts were admissible; and see *Boyce* v. *People*, 55 N. Y. 644, for a similar case, and *People* v. *Schweitzer*, 23 Mich. 301, where the rule was applied in a larceny case.

The question was squarely raised and decided in the case of *People* v. *Etter*, 81 Mich. 570, a case of statutory rape, and the case was reversed, for that and other reasons.

In *People* v. *Fowler*, 104 Mich. 449, an adultery case, the same rule was announced, as it was also in the later case of *People* v. *Payne* (seduction), 131 Mich. 474. See, also, *People* v. *Bressler*, 131 Mich. 390.

Counsel for the people claim that this testimony was admissible as tending to show the relation of the parties (none the less so because it involved sexual intercourse), citing *People* v. *Elco*, 131 Mich. 519; *People* v. *Hubbard*, 92 Mich. 326; *People* v. *Craig*, 116 Mich. 388.

In *People* v. *Hubbard*, supra, such testimony (not in-

volving sexual intercourse) was held admissible. The case of *People* v. *Craig* cannot be said to be in point. The testimony complained of was not offered by the prosecution, but by the defense to discredit the complaining witness.

In *People* v. *Elco*, supra, the writer of the opinion cited both classes of cases and sought to distinguish them, evidently not intending to overturn the cases of *People* v. *Craig*, *People* v. *Etter*, and *People* v. *Fowler*. From this review of Michigan cases, it would seem that the *Jamieson Case* is the one most nearly in point, and that apparently a distinction has been attempted between testimony showing subsequent sexual intercourse, and that showing other friendly relations. The testimony was incompetent, and should not have been admitted.

In his charge, the judge said :

"As to the sexual intercourse : You know what she said : That it happened after the mother died; happened before they went to Kalamazoo on the 4th. Now you can look at that. Why, she is anyhow a little girl, and it must draw on the sympathy of any moral or model man to look upon that little girl in the family way, and, if she is in the family way with a colored man, it makes it still worse. Then, gentlemen, as bearing on the truth of her story, you can consider the fact that she acknowledges to you that she is in the family way from a colored man. Would that be natural? Would that be natural for a young girl to come up and acknowledge that ? You can consider that. His case—this case—has been tried twice. Now, I have said enough to you on that point. If the defendant is innocent, he should be acquitted. The people have got to satisfy you beyond a reasonable doubt of his guilt.

"Now, as to her age : Now, she testified herself that she will not be 17 until the 15th of the coming July. There are other facts tending to corroborate her in that, and I think that book introduced this morning is strong evidence going to show what the girl's age is. It is for you to consider; but I think that is a strong circumstance, and here is a woman testified it is her handwriting. She wrote it at the request of her mother when the child was an infant. Now, if that be true, that is strong evidence going

to show what the real age of the child is. Now, if the child is not 17 until the middle of the coming July, and he had intercourse with her before, the defendant is guilty, if you find beyond a reasonable doubt. Now, I guess that is about all."

This language was argumentative, and from it a jury might readily infer that she would not be likely to admit her improper relation with a negro, unless it were true. It has been held many times that such instructions are not permissible. *People* v. *Pitcher,* 15 Mich. 397; *Sebright* v. *Moore,* 33 Mich. 92; *Perrott* v. *Shearer,* 17 Mich. 48; *Blackwood* v. *Brown,* 32 Mich. 104; *People* v. *Finley,* 38 Mich. 482; *Springett* v. *Colerick,* 67 Mich. 362; *Chase* v. *Buhl Iron Works,* 55 Mich. 139; *Wheeler* v. *Wallace,* 53 Mich. 355, 364; *People* v. *Gastro,* 75 Mich. 127; *Fraser* v. *Haggerty,* 86 Mich. 521; *Wessels* v. *Beeman,* 87 Mich. 481; *Letts* v. *Letts,* 91 Mich. 596; *Wilson* v. *Hotchkiss' Estate,* 81 Mich. 172; *Haynes* v. *City of Hillsdale,* 113 Mich. 44; *People* v. *Hanaw,* 107 Mich. 337; *People* v. *Palmer,* 105 Mich. 568; *Heddle* v. *Railway Co.,* 112 Mich. 547; *Valin* v. *McKerreghan,* 104 Mich. 213, *Blumeno* v. *Railroad Co.,* 101 Mich. 325; *Preston Nat. Bank* v. *Insurance Co.,* 115 Mich. 511; *Raymond* v. *Wolfenden's Estate,* 99 Mich. 165; *Hanaw* v. *Jackson Patriot Co.,* 98 Mich. 506.

The judgment is reversed, and a new trial ordered.

GRANT, BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.