PEOPLE *v*. RUSSELL.

1. RAPE—STATUTORY RAPE—EVIDENCE—CHASTITY OF PROSECUTRIX.
   Generally, in a prosecution for statutory rape, testimony
   relative to the chastity of the prosecutrix is immaterial.

2. SAME—EXCEPTION TO GENERAL RULE.
   An exception to the general rule is made where, in cor-
   roboration of prosecutrix's testimony, there is proof that
   she is pregnant or that a physical examination discloses
   that her person had been violated by some one at about
   the time charged, in which case defendant should be per-
   mitted to establish that some one other than himself is
   or may be responsible therefor.

Exceptions before judgment from Mecosta; Barton
(Joseph), J.    Submitted October 13, 1927.    (Docket
No. 128.)    Decided December 1, 1927.

Bert Russell was convicted of statutory rape.    Re-
versed.

*W. D. Fast* and *Penny & Worcester,* for appellant.

*William W. Potter,* Attorney General, *Wilber M.
Brucker,* Assistant Attorney General, and *Fred R.
Everett,* Prosecuting Attorney, for the people.

Defendant stands convicted of statutory rape.    But
one meritorious question is presented on this record.
It involves several rulings of the trial judge rejecting
testimony proffered on behalf of defendant.    Prose-
cutrix testified that the act of intercourse took place
the latter part of August, 1926.    She testified that
it was the only occasion she had intercourse with de-
fendant, and that she had never had intercourse with
any one else.    The prosecution also proved by her
testimony and that of a physician who had examined

[1]Rape, 33 Cyc. p. 1481; [2]Id., 33 Cyc. p. 1481; 48 L. R. A. (N. S.)
269; 22 R. C. L. 1211.

her that she was pregnant at the time of the trial, and her testimony tended to show that she became quick with child at a time which according to the medical testimony would fix the date of conception as the month of August. Upon cross-examination she was interrogated with reference to her going out nights with a young man referred to in the record as the Dickinson boy. She said that she went out with him once or twice at night, but denied that she frequently climbed out of the window nights to go out with him and that she "never went out with him at all in September or in August." Upon the part of the defense it was sought to show that prosecutrix was out nights frequently with the Dickinson boy and after some colloquy between court and counsel the following occurred:

"*Mr. Fast:* Now I have one witness here, your honor please, to show that during the month of August—

"*The Court:* Now, wait a minute; you better step up here and tell me privately. I think that would be an improper statement before the jury.

"*Mr. Fast:* Very well, but I want to get it onto the record.

"*Mr. Fast:* Defendant offers to show by a witness now in court that the complaining witness, Rhea Quick, was seen by him climbing out of the window on the east side of their house at a late hour of night several different times and would get into a car which stood there and was owned by Leonard Dickinson and they drive away together; that he saw that several times.

"*The Court:* The court holds that that is also a collateral matter and comes now within the ruling of the court."

Similar offers of proof met a like ruling.

FELLOWS, J. (*after stating the facts*). We are persuaded that these rulings were erroneous. The general rule is that the chastity or want of chastity of the prosecutrix under the age of consent is unimportant in a statutory rape case, and that testimony

on that subject is, therefore, immaterial.        But this rule, like most rules, has its exceptions.        Where the prosecution, in corroboration of the testimony of the prosecutrix, introduces proof to the effect that the prosecutrix is pregnant or that a physical examination discloses that her person has been violated by some one at about the time charged, the defendant should be permitted to establish either by direct or circumstantial evidence that some one other than himself is or may be responsible for the condition established.        Thus in *People* v. *Keller*, 227 Mich. 520, there had been an examination by a physician who testified to a condition of prosecutrix which might have resulted from sexual intercourse.        It was held (quoting from the syllabus) :

"In a prosecution for statutory rape by defendant upon his daughter, testimony by another daughter as to admissions made by prosecutrix of relations with other men which would account for her physical condition, held, admissible."

To the same effect is *People* v. *Werner*, 221 Mich. 123.        See, also, *People* v. *Craig*, 116 Mich. 388; *People* v. *Kaminsky*, 73 Mich. 637.        The exception to the rule finds support in other jurisdictions. *People* v. *Flaherty*, 79 Hun (N. Y.), 48; *Bice* v. *State*, 37 Tex. Crim. Rep. 38 (38 S. W. 803) ; *Kanert* v. *State*, 92 Neb. 14 (137 N. W. 975) ; *Nugent* v. *State*, 18 Ala. 521; *People* v. *Currie*, 14 Cal. App. 67 (111 Pac. 108) ; *State* v. *Bebb*, 125 Iowa, 494 (101 N. W. 189) ; *State* v. *Mobley*, 44 Wash. 549 (87 Pac. 815). The last cited case is so nearly on all fours with the one before us that we quote quite liberally from it.        It was there said by Mr. Justice Crow, speaking for the court:

"In refusing to permit answers to the above questions, the trial court committed prejudicial error.        The State was relying for conviction upon evidence of the prosecutrix, which was without corroboration except

in so far as such corroboration was afforded by her condition of pregnancy, if such condition in fact existed. She attributed such alleged pregnancy to the acts of appellant. The jury undoubtedly knew from her personal appearance upon the witness stand whether she was telling the truth as to her pregnancy, the usual period of gestation having then about expired. If her testimony in this regard was manifestly truthful, it necessarily appeared that some person was guilty of the offense for which the appellant was on trial. If he could do so, the appellant was therefore legally entitled to show by competent evidence what the habits and conduct of the prosecuting witness had been at or about the time she claimed he had sustained illicit relations with her. If, in fact, this young girl was habitually away from home night after night, and made a practice of returning at any time from midnight until 4 o'clock in the morning, she was certainly conducting herself in a highly improper manner, and was guilty of conduct which, to say the least, would seriously reflect upon her character for chastity and affect her credibility. The dates fixed by appellant's counsel in the questions above mentioned exactly coincided with those upon which she had charged appellant. The testimony of these witnesses, had the same been admitted, might have developed evidence tending to account for the condition of the prosecutrix, consistently with the innocence of appellant. The courts have almost universally recognized the difficulty under which a defendant necessarily labors in seeking to exculpate himself from a charge of this character when once made, and a considerable liberality should be exercised in permitting him to fully show the situation of the parties and all the circumstances surrounding them at or about the date of the act charged; and this is especially proper in this State where a conviction may be had upon the unsupported testimony of the prosecuting witness."

The conviction will be set aside and a new trial granted.

SHARPE, C. J., and BIRD, FLANNIGAN, WIEST, CLARK, and McDONALD, JJ., concurred.

The late Justice SNOW took no part in this decision.