CROWLEY *v.* UPLEGER.

1. AUTOMOBILES—GUEST PASSENGERS—EVIDENCE—REGAINING CONTROL—GROSS NEGLIGENCE—WILFUL AND WANTON MISCONDUCT—LOOSE GRAVEL.

In action by guest passenger against host motorist for personal injuries received when host lost control of car after coming to place on gravel road where there was loose gravel or clay bottom or both, plaintiff's testimony that defendant turned steering wheel abruptly and applied brakes *held*, as consistent with theory that latter was endeavoring to regain control of car as that he was guilty of gross negligence or wilful and wanton misconduct, hence, judgment for defendant because plaintiff had failed to produce the preponderance of the evidence is affirmed (1 Comp. Laws 1929, § 4648).

2. NEW TRIAL—HEARSAY—AFFIDAVITS.

Affidavits by plaintiff and another witness that defendant had told them long before the trial that an alleged eyewitness had told him she was in her house from which scene of accident was not visible *held*, based upon hearsay and insufficient basis to justify granting new trial, aside from fact that plaintiff cannot thus take advantage of his failure to seasonably inform his counsel of the fact.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted October 9, 1935. (Docket No. 33, Calendar No. 38,555.) Decided December 10, 1935.

Case by James T. Crowley against Robert G. Upleger for personal injuries sustained while a guest passenger in latter's automobile. Judgment for defendant. Plaintiff appeals. Affirmed.

*Frederic T. Harward,* for plaintiff.

*Leo H. Robb* and *Maurice Miller,* for defendant.

Fead, J. This is an action for personal injuries under the guest act, so-called, 1 Comp. Laws 1929, § 4648. The defendant had judgment on trial before the court.

While defendant was driving his car on a gravel road near Roscommon, he came to a place where there was loose gravel or clay bottom or both, lost control of his car, it began to skid and weave back and forth on the road, finally turned over and seriously injured plaintiff, a guest passenger.

Plaintiff's claim of gross negligence or wilful and wanton misconduct is that while the car was out of control defendant became angry, swore at it, turned the steering wheel abruptly to the left, applied the brakes and the car turned over.

Defendant denies swearing or turning the wheel abruptly. He said he was devoting his efforts to regaining control of the car, that he was unable to do so, it finally swung to the right half way around and turned over. A witness, Mrs. Ward, who said she was in a garden near the accident, corroborated his testimony that the car swung to the right and turned over.

The court held on the facts that plaintiff had failed to produce the preponderance of the evidence. In this we concur. Plaintiff's own testimony is at least as consistent with the idea of a determined effort by defendant to regain control of the car as it is with the claim that his act was reckless or wanton; and it does not appear that defendant could have regained control of the car by acting differently.

On motion for new trial plaintiff and a witness made affidavits that, long before the trial, defendant had told them that Mrs. Ward told him she was in the house at the time of the accident, and it is claimed that she could not see the road from the

house.   Aside from the fact that plaintiff cannot take advantage of his failure to seasonably inform his counsel of the fact, the affidavits, so far as they would impeach Mrs. Ward, were based upon hearsay and would not justify granting the motion.

Affirmed, with costs.

POTTER, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.

The late Justice NELSON SHARPE took no part in this decision.