PEOPLE *v.* LEWIS.

1. CRIMINAL LAW—MANSLAUGHTER FOLLOWING ABORTION—LESSER OFFENSES—INSTRUCTIONS.

In prosecution under information charging defendant with manslaughter following abortion and abortion, instruction that conviction of first charge would make it useless to find defendant guilty of second charge was proper since latter charge, being a lesser offense, was included in the first (Act No. 328, chap. 3, § 14, Pub. Acts 1931).

2. SAME—MANSLAUGHTER FOLLOWING ABORTION—EVIDENCE.

Testimony in prosecution for manslaughter following abortion *held*, sufficient to present question of defendant's guilt on such charge for consideration of jury (Act No. 328, chap. 3, 14, Pub. Acts 1931).

3. SAME—CHARACTER TESTIMONY.

In prosecution for manslaughter following abortion wherein defendant did not take the stand, it was not error to sustain objection to question as to defendant's truth and veracity which was subsequently withdrawn after colloquy in which court informed defendant's counsel that he could put character in issue but the prosecutor had a right to rebut it.

4. SAME—NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—AFFIDAVIT.

Motion for new trial in prosecution for manslaughter following abortion based upon alleged newly-discovered evidence, which was cumulative in part, and which was supported by affidavit that failed to disclose source of claimed information or whether the witnesses referred to can or will testify to the claimed evidence other than defendant's counsel's own affidavit, was properly denied.

Appeal from Recorder's Court for the City of Detroit; Gillis (Joseph A.), J. Submitted January 14, 1943. (Docket No. 92, Calendar No. 41,765.) Decided April 6, 1943.

Paul Lewis was convicted of manslaughter. Affirmed.

*Paul Lewis, in pro. per.*

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *William E. Dowling,* Prosecuting Attorney, and *Charles W. Jones* and *Henrietta E. Rosenthal,* Assistants Prosecuting Attorney, for the people.

NORTH, J. The defendant, Paul Lewis, was charged under Act No. 328, chap. 3, § 14, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–14 [Stat. Ann. § 28.204]), with performing a criminal abortion on a named married woman on December 19, 1940, which resulted in her death on January 13, 1941. The cause of her death was, according to medical testimony offered at the trial, "a pulmonary embolus following dilatation and currettement following an abortion." Defendant was convicted by a jury and sentenced to the State prison of southern Michigan for 7½ to 15 years. Motion for new trial was denied and defendant appealed.

Defendant was informed against on two counts, (1) manslaughter following an abortion and (2) abortion. The information follows closely the statute which first declares the act of performing an abortion to be a felony, and if death results the offense is manslaughter. The jury returned a verdict of guilty on the first count of manslaughter and made no return on the second count of the information which charged abortion. Appellant claims this was reversible error, and reasons as follows. Since the jury did not find specifically that appellant committed the alleged abortion, which is an essential element of the manslaughter charged, the convic-

tion of manslaughter cannot be sustained; and further, appellant asserts there was no evidence that the abortion caused the death. This contention is not tenable. In the charge of the court, the jury was instructed as follows:

"Now, there is one of three verdicts you may bring in. You may bring in a verdict of guilty of manslaughter following an abortion; there is the second count of abortion; and also a verdict of not guilty. If you find him guilty of the first charge, manslaughter following an abortion, of course it would be useless to find him guilty also of abortion. If you find him not guilty of the first count, you may consider the second count, which is abortion."

The second count, charging abortion, being the lesser offense and by statute being included in the first count, charging manslaughter following abortion, we find no error in the court's instruction to the jury nor in the verdict of the jury as rendered under these instructions. There was testimony from which the jury might conclude and, as appears from the verdict, did conclude that the abortion resulted in the death.

Appellant also urges as error the trial court's claimed refusal to admit testimony as to good character of defendant, asserting that "when defendant attempted to introduce testimony as to his *character,* he was prevented therefrom unless he was to take the witness stand." Careful review of the record fails to disclose any offer of or exclusion of testimony as to good character. Instead one George Johnson was sworn as a witness for defendant and was asked: "And do you know his (defendant's) reputation in the community in which he lives for *truth and veracity*?" The trial court sustained the people's objection. Defendant had not taken the stand as a witness nor did he subsequently do so.

There was colloquy between court and counsel, but no offer of testimony as to defendant's good character; and finally defendant's counsel was informed by the court, "It is understood, of course, if you want to put the character in issue— * * * I want it understood you are entitled to put it in but the prosecutor has a right to rebut it." Defendant's counsel thereupon stated: "That is true. Well, I think I will withdraw it," evidently referring to the question first above-quoted. The trial court's ruling was proper.

Defendant's motion for a new trial, denial of which he asserts as error, was based upon alleged newly-discovered evidence. This motion was supported only by the affidavit of defendant's counsel. The affidavit states that since the rendition of the verdict, defendant's counsel learned for the first time that the two children of the deceased woman, age four and five years respectively, knew and would testify that their mother tripped and fell down stairs; also that the deceased's mother was with the deceased just before she died and the mother would now testify as to the "truth as revealed to her by her daughter." The motion for a new trial on grounds of newly-discovered evidence does not disclose the source of defendant's claimed information, and there is no showing as to whether the witnesses referred to can or will testify to the claimed evidence other than defendant's counsel's own affidavit. Further testimony as to the deceased falling down steps would be only cumulative. At the trial defendant's witness Naomi Odoms testified: "She (deceased) said that she fell down some steps. * * * She said after she fell down the steps something the size of a bird passed through her." In view of the conclusive character of the testimony as to the defendant's guilt, the showing

was not sufficient. The motion for a new trial was properly denied.

We find no merit in the other reasons assigned in support of the appeal. Judgment is affirmed.

BOYLES, C. J., and CHANDLER, STARR, WIEST, BUT-ZEL, BUSHNELL, and SHARPE, JJ., concurred.