PEOPLE *v.* BOROWSKI.

1. RAPE—EVIDENCE—PERSONAL RELATIONS OF PARTIES—SUBSEQUENT
   ACTS—IMPEACHMENT.
   Introduction of a letter in evidence in prosecution for statutory
   rape of a 12-year-old girl by 50-year-old defendant, which had
   been written by him about 3 months after the alleged offense
   and in which a $5 bill was enclosed, was not reversible error,
   where no objection was interposed at time of introduction on
   cross-examination of defendant, since it was competent for
   purposes of impeachment as showing his desire to remain on
   friendly terms with the prosecutrix (CL 1948, § 750.520).

2. SAME—STATUTORY RAPE—PREGNANCY—OBJECTIONS.
   Necessity for interposition of objection at time of introduction
   of testimony showing pregnancy of 12-year-old prosecutrix in
   prosecution for statutory rape was not obviated by reason of
   colloquy between court and counsel in the absence of the jury
   during which trial judge indicated that he would receive such
   testimony, where it is not shown that such failure to object
   was due to the belief of counsel that they would be overruled
   or because of acquiescence in view that such testimony was
   competent (CL 1948, § 750.520).

3. SAME—PREGNANCY—EVIDENCE.
   Testimony showing pregnancy of prosecutrix in prosecution for
   statutory rape was competent evidence that an act of sexual
   intercourse had been committed against her; such an act
   being one of the constitutive elements of the offense charged
   (CL 1948, § 750.520).

4. SAME—PREGNANCY—EVIDENCE—INSTRUCTIONS.
   Reception of testimony of pregnancy of 12-year-old prosecutrix,
   including fact that a child was born exactly 9 months after

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Witnesses, §§ 685, 687.
[2] 53 Am Jur, Trial, §§ 143, 146.
[2–4] 44 Am Jur, Rape, § 69.
[5] 44 Am Jur, Rape, §§ 94, 122.
[6] 39 Am Jur, New Trial, §§ 160, 161.

alleged offense was committed, and reference to such pregnancy in charge to jury in prosecution for statutory rape were not erroneous, since such testimony was competent even had objections thereto been interposed (CL 1948, § 750.520).

5. SAME—CHARACTER OF ACCUSED—INSTRUCTIONS.

Charge as to good character of 50-year-old defendant in prosecution for statutory rape upon 12-year-old prosecutrix *held*, not so contradictory as to constitute reversible error, where jury must have understood that they were to determine reasonable doubt from all the evidence in the case, including that offered to show good character of defendant (CL 1948, § 750.520).

6. SAME—NEW TRIAL—EVIDENCE—AFFIDAVITS.

Denial of motion for new trial in prosecution for statutory rape was not error, where there was no showing of what diligence was exercised in discovering material facts, affidavit of defendant's attorney that subsequent to conviction he learned of a certain named individual who would, if permitted, testify that he had seen prosecutrix in a compromising position with a male person at about the date of the alleged offense was unsupported by such person's affidavit and it is not shown he testified at hearing on motion for new trial.

7. SAME—STATUTORY RAPE—EVIDENCE—CREDIBILITY.

Conviction of 50-year-old defendant in prosecution for statutory rape of 12-year-old prosecutrix *held*, sustained by evidence, notwithstanding her testimony supported by corroboration, was opposed by defendant's denial of guilt, since the credibility of the witnesses was for the jury to determine (CL 1948, § 750.520).

8. SAME—FAIR TRIAL.

Record in prosecution of 50-year-old defendant for statutory rape of 12-year-old prosecutrix *held*, to indicate he had a fair trial and was ably represented by counsel (CL 1948, § 750.520).

Appeal from St. Clair; Stewart (Shirley), J. Submitted January 11, 1951. (Docket No. 69, Calendar No. 44,570.) Decided April 3, 1951.

Frank Borowski was convicted of statutory rape. Affirmed.

*Octavio P. Guerra,* for appellant.

*Frank G. Millard,* Attorney General, *Reg. S. Atkins,* Prosecuting Attorney, and *Delmer L. Cleland* and *Robert J. McIntosh,* Assistant Prosecuting Attorneys, for the people.

Carr, J. Defendant was tried in circuit court under an information charging the crime of statutory rape * on a 12-year-old girl, herein referred to as the prosecutrix. The offense was alleged to have been committed September 24, 1947. The jury returned a verdict of guilty, a motion for new trial was denied, and sentence was imposed. From the conviction and judgment, defendant, on leave granted, has appealed.

On the trial of the case defendant, a man 50 years of age, was a witness in his own behalf, and denied his guilt of any improper relations with the prosecutrix. During the course of his cross-examination the prosecuting attorney introduced in evidence a letter written by defendant to the prosecutrix in December, 1947, in which a $5 bill was enclosed. Defendant claimed that the gift of the money was made because the girl had assisted him in selling a dog for $50. Thereafter counsel for defendant recalled the prosecutrix for further cross-examination with reference to the matter. It is now urged that receiving the letter in evidence was error. No objection to its introduction was made at the time, and in consequence appellant is not now in position to urge that the court was in error in failing to exclude it. *People* v. *Cleveland,* 295 Mich 139; *People* v. *Elliott,* 322 Mich 313; *People* v. *Loudenslager,* 327 Mich 718. Moreover the letter, having been identified by de-

---

* PA 1931, No 328, § 520 (CL 1948, § 750.520 [Stat Ann § 28.788]).

fendant, was competent for purposes of impeachment. It indicated a desire on defendant's part to remain on friendly terms with the prosecutrix. Appellant's claim of error is without merit.

Apparently for the purpose of corroborating the claim of the prosecutrix that the offense in question had been committed against her, testimony was offered by the people, and received, tending to show that on the 28th of April, 1948, a physician examined her and found that she was at the time pregnant, and that the condition had existed for approximately 6 months. Further testimony was introduced that, on June 24, 1948, the girl gave birth to a child. Counsel for appellant claims that the introduction of testimony to show pregnancy was prejudicial error. No objection was made to such testimony when it was offered. The omission in this respect is sought to be explained by an affidavit made by counsel representing defendant in the circuit court to the effect that the matter was discussed between counsel and the trial judge in the absence of the jury, and that the judge indicated at the time that if such testimony were offered it would be received.

Whether the failure to interpose timely objections was due to the belief of counsel that they would be overruled, or because of acquiescence in the view of the trial judge as to the competency of such proof, does not appear from the record. In any event we think that the necessity of interposing objections as the basis for a claim of error was not obviated by what occurred in the instant case, and that in consequence counsel for defendant is not now in position to urge that receiving such testimony was prejudicial error. Furthermore, the claim that the proof was not competent is without merit. It was incumbent on the people to establish that an act of sexual intercourse had been committed against the prosecutrix. Testimony by an examining physician

may be received for that purpose in a prosecution for statutory rape. *People* v. *Inman*, 315 Mich 456.

Counsel for defendant suggests in his brief that the competency of testimony ·of the character in question has not been definitely determined by this Court in any prior decision involving facts analogous to those in the case at bar. In *People* v. *Stison*, 140 Mich 216 (112 Am St Rep 397, 6 Ann Cas 69), the defendant was prosecuted for incest. Testimony was offered by the prosecution, and was received, showing pregnancy and the birth of a child. Without attempting to lay down any general rule on the matter, the Court held that under the situation presented by the record in the case the testimony was competent.

In *People* v. *Brown*, 142 Mich 622, which was a prosecution for statutory rape, the offense was charged to have been committed on the 15th of May, 1904. The testimony indicated that the act relied on in support of the charge occurred in June, 1904. The prosecutrix reached the age of 16 (the age of consent) on July 15, 1904. Testimony was introduced by the prosecuting attorney, over objections, to show acts of intercourse between prosecutrix and the defendant after the age of consent was reached. It was shown that a physician examined prosecutrix in May, 1905. His testimony on the trial indicated that he found a condition of pregnancy, the inception of which he fixed as occurring in December, 1904, or January, 1905. Objections to the testimony were based primarily on the claim that it was not competent to show ˙acts of intercourse occurring after the specific act relied on as the basis for conviction. Counsel for defendant Brown in their brief filed in this Court stated in substance that they would have had no objection to testimony of pregnancy resulting from the act of intercourse alleged in the information, and based their argument on

the fact that the testimony of the physician indicated clearly that the condition was due to a subsequent act of intercourse occurring after the prosecutrix reached the age of consent. This Court held that the testimony as to subsequent acts was not competent, and that the testimony tending to show a condition of pregnancy in May, 1905, was likewise improperly admitted. The conclusion reached with reference to the testimony of the physician must be regarded, we think, as based on the somewhat unusual facts involved in the case. In subsequent decisions of this Court testimony of the character in question here, offered and received without objection for the same purpose for which it was introduced in the instant case, was recognized as entitled to consideration. *People* v. *Russell,* 241 Mich 125; *People* v. *Hallman,* 299 Mich 657.

Numerous decisions in other States support the general proposition that under proper circumstances testimony to show pregnancy in a prosecution for rape is competent. Thus in *Woodruff* v. *State,* 72 Neb 815 (101 NW 1114), it was said:

"An objection is offered because the trial court permitted the prosecutrix to testify that she became pregnant, and that a child was born as the result of the alleged illicit intercourse. Evidence of this character is proper and admissible. It indisputably established one element necessary to be proved by the State, that is, that sexual intercourse had taken place. It was proof of the *corpus* of the crime, as it were; that is, that the prosecutrix had sustained unlawful relations with some one was by this evidence placed beyond the pale of doubt. It is admissible on the same principle that an expert would be permitted to testify, after examination, that the girl had surrendered to some one her virginity. By this evidence the controversy was narrowed to the question of the defendant's relation to this positive evidence that a crime had been committed. The time.

during gestation, and of the birth of the child, was consistent with the theory of the prosecution as to the time of the commission of the act charged. The child was the legitimate fruit of the illicit sexual intercourse."

The general rule, supported by citations of cases, is stated in 44 Am Jur, p 942, as follows:

"Evidence of pregnancy is properly admitted in a prosecution for statutory rape, since, as has often been pointed out, pregnancy is evidence of intercourse, and intercourse is one of the constitutive elements of the offense charged."

Likewise, in 1 Wigmore on Evidence (3d ed), § 168, it was said:

"So, too, in prosecutions for *rape, rape under age,* and *seduction,* the pregnancy is admissible as evidence at least of the *intercourse;* the accused's identity being provable by other evidence."

In the instant case the crime charged against defendant was alleged to have been committed against a 12-year-old girl. No proof was offered to show acts of intercourse between prosecutrix and defendant occurring after the act charged in the information. The question of the admissibility of such testimony is not at issue in the case. It is undisputed that the pregnancy resulted from intercourse occurring at or about the date alleged by the prosecution. Because of the factual situation involved in *People* v. *Brown, supra,* that decision may not be regarded as in point. Under the circumstances of this case evidence as to pregnancy was admissible for the purpose of establishing an act of intercourse with prosecutrix, a girl under the age of consent, on or about the date of the offense charged. The testimony of which defendant now complains was competent, and the trial court, had timely objections

been interposed, would not have erred in receiving the proof. The reference to the proof in the charge to the jury, of which complaint is also made, was not, under the record in the case, prejudicial to the defendant. The fact of pregnancy on the part of prosecutrix is not disputed. The trial court merely indicated the ordinary conclusion from such fact.

Testimony was introduced at the trial tending to show that defendant's prior reputation as a peaceful and law-abiding citizen was good. At the request of counsel the trial judge charged the jury with reference to the consideration of such testimony, pointing out specifically that it "may not only raise a doubt of guilt which would not otherwise exist, but it may bring a conviction of innocence." He further stated to the jury, in substance, that he had given such instruction to emphasize the importance of good character. He then said that if the members of the jury were convinced beyond a reasonable doubt of the fact of guilt, the instruction as to good character would have to be disregarded. This was followed immediately by the statement that "You may take the question of good character into consideration in arriving at the question as to whether in your minds there is a reasonable doubt."

Appellant now insists that the charge was erroneous and was so prejudicial as to constitute reversible error. It is argued in effect that contradictory instructions were delivered to the jury. With such claim we are unable to agree. It is inconceivable that the members of the jury did not understand from the charge that they were to determine the matter of reasonable doubt from all the evidence in the case, including that offered to show the good character of the defendant. The essentials of a correct charge relating to the consideration of evidence tending to show the good character of one accused of crime were considered at some length in *People* v.

*Schultz,* 316 Mich 106. It is unnecessary to repeat what was there said. Defendant's claim that the instructions in the instant case were so erroneous as to require reversal is not tenable.

Error is also assigned on the denial of the motion for a new trial. Such motion was based on a claim of newly-discovered evidence and was supported by the affidavit of one of the attorneys who represented defendant on the trial. Said affidavit set forth that following the conviction affiant learned that a certain named individual could and would, if permitted to do so, testify that he saw prosecutrix in a compromising position with a male person at or about the date of the offense charged in the information, and that on discovering that they were being observed the prosecutrix and such male person immediately fled. The affiant further stated that he had used due diligence to discover and produce all facts material to the issues on the trial of the cause but had not known of the matter referred to in the affidavit until after the verdict of the jury had been returned.

It does not appear that the motion was otherwise supported, and on behalf of the people it is claimed that the affidavit was insufficient to justify the setting aside of the verdict and the granting of a new trial. It was based wholly on hearsay, and failed to state the source from which the affiant received his information. No affidavit by the person claiming to have actual knowledge of the facts concerning which, it is claimed, he would testify in the event of a new trial being granted, was submitted, nor does it appear that his testimony was taken in court in the hearing on the motion. Counsel for the appellee further point out in their brief that the statement in the affidavit of defendant's attorney with reference to the exercise of due diligence to discover material facts before the completion of the trial was a mere

conclusion and insufficient in that it failed to indicate what diligence had actually been exercised.

In *People* v. *Martin,* 116 Mich 446, a similar question arose. In sustaining the action of the trial court, it was said:

"A motion for a new trial was made, based upon the affidavit of counsel that during the deliberations of the jury, after the case had been submitted to them, they obtained and read a Grand Rapids paper containing an article in relation to the trial which was prejudicial to the respondent, and that counsel had been informed by some of the jurors that the article influenced jurors in arriving at their verdict. This motion was overruled, and it is said that this is error. It does not very clearly appear how counsel knew that the jurors had the paper mentioned. It does appear, however, that all he knew about what effect the reading of the paper had upon the verdict was what he was told by some of the jurors. This was hearsay, and incompetent. The court did not err in refusing to grant a new trial upon the showing made."

We think a like conclusion must be reached in the case at bar. See, also, *People* v. *Lewis,* 305 Mich 75; *People* v. *Inman, supra; People* v. *Elliott, supra.* The trial court was not in error in denying the motion for a new trial.

It is also argued that the proofs in the case did not justify the jury in finding, beyond a reasonable doubt, that defendant was guilty. The testimony of the prosecutrix, if believed by the jury, was sufficient to justify conviction. *People* v. *Inman, supra.* Defendant denied his guilt, and the credibility of the witnesses was for the jury to determine. Furthermore, the testimony of prosecutrix was not without some corroboration. Obviously the jury believed the testimony given by the witnesses for the people. It cannot be said that the proofs in the case

did not justify the verdict returned. *People* v. *Geanakopoulos,* 320 Mich 430.

We find no error in the case requiring a reversal. The record indicates that defendant had a fair trial and was ably represented by his counsel. The conviction and sentence are affirmed.

REID, C. J., and BOYLES, NORTH, DETHMERS, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.

