SYLVESTER *v.* GRABOWSKI.

1. APPEAL AND ERROR—MATTERS NOT PRESENTED TO TRIAL COURT.
    An unsworn statement by brother of defendant in paternity action may not be considered by the Supreme Court, where the statement had not been presented to the trial court.

2. NEW TRIAL—DISCRETION OF COURT.
    The denial of a new trial is affirmed in the absence of a showing on appeal that the trial court had abused its discretion in so doing.

3. SAME—HEARSAY AFFIDAVITS.
    Hearsay affidavits are not proper affidavits upon which to base an order for a new trial.

4. BASTARDS—NEW TRIAL—EVIDENCE.
    Motion for new trial in paternity action because of alleged newly-discovered evidence was properly denied, where defendant produced neither testimony nor affidavit of his brother to the effect that if called he would testify as to sexual relations with plaintiff.

Appeal from Ingham; Salmon (Marvin J.), J. Submitted June 4, 1963. (Calendar No. 9, Docket No. 49,907.) Decided July 17, 1963. Rehearing denied September 4, 1963.

Paternity action by Sharon Sylvester against Theodore Grabowski resulted in order of filiation. Motion for new trial on basis of newly-discovered evidence denied. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 736.
[2] 5 Am Jur 2d, Appeal and Error §§ 850–852.
[3] 39 Am Jur, New Trial § 162.
[4] 39 Am Jur, New Trial § 156 *et seq.*; §§ 207–216.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Leo A. Farhat,* Prosecuting Attorney, *John Robert Dethmers,* Assistant Prosecuting Attorney, for the people.

*John Wendell Bird,* for defendant.

KAVANAGH, J. Defendant Theodore Grabowski was arrested under a complaint issued pursuant to the paternity act, PA 1956, No. 205.* The complaint accused him of an act with plaintiff, Sharon Sylvester, on or about September 15, 1960, which resulted in the birth of a child on June 19, 1961.

A jury trial commenced on April 23, 1962. After direct and cross-examination of a medical witness, the plaintiff testified. She stated that from the time she met defendant in July of 1959 until after she became pregnant, defendant was the only person with whom she had any sexual relations. At the conclusion of her direct testimony the defendant entered a change of plea and admitted paternity of the child. On April 27, 1962, an order of filiation was entered by the circuit court.

On May 11, 1962, defendant filed a motion for new trial alleging as a basis newly-discovered evidence. Defendant's motion recited that subsequent to the entry of the order of filiation he learned that his brother, Melvin Grabowski, had relations with the plaintiff on or about September 15, 1960, and subsequently on 15 other occasions. In his affidavit attached to the motion defendant alleged that his plea was entered upon his understanding that the plaintiff had not had relations with any other man until after she became pregnant; that his brother, Melvin Grabowski, would testify he had committed an act of

---

* CLS 1956, § 722.711 *et seq.* (Stat Ann 1957 Rev § 25.491 *et seq.*).—REPORTER.

coition with plaintiff on or about September 15, 1960; and that he (the defendant) had exercised prior to trial all reasonable diligence to discover and produce the material facts, including careful questioning of Melvin Grabowski.

At the hearing on the motion for new trial, 2 other affidavits were filed. One was an affidavit of George T. Warner which identified him as a polygraph examiner employed by the Greater Lansing Detective Agency. This affiant alleged that polygraph examinations had been administered to plaintiff and to Melvin Grabowski and the results thereof indicated they were lying when they denied having relations with each other. The affidavit further stated that Melvin Grabowski admitted lying when confronted with the results of the polygraph test.

In the second affidavit filed at the hearing plaintiff repeated the allegations of the original complaint and denied defendant's contentions. She further alleged that Melvin Grabowski told her on the day of the trial that he had been promised a new car to testify against her and had been threatened with confinement to a mental institution if he did not. Plaintiff alleged Melvin was a feeble-minded ward of his brother, George Grabowski.

At the hearing on the motion, Melvin Grabowski did not appear. Defense counsel argued that a subpoena had been issued and stated, "We did our best to have him here."

In ruling that defendant had failed to present any newly-discovered evidence the court stated, "You have said in these affidavits that somebody will say so and so, but I want to know what so and so is going to say before I say it is newly-discovered evidence. He may change his mind tomorrow." The court concluded there was not a showing of sufficient facts or circumstances to warrant a new trial.

At some later date an unsworn statement, purportedly signed by Melvin Grabowski and substantiating defendant's claims, was somehow made a part of the circuit court record of this case. This statement was not before the trial court and cannot be considered in our deliberations on this appeal.

We must affirm the decision below unless we can say the trial court abused its discretion in denying defendant's motion for new trial. *People* v. *Inman,* 315 Mich 456.

The only evidence proffered by defendant to support his motion was the hearsay affidavits of himself and Mr. Warner. The same situation confronted this Court in *Connor* v. *McRae,* 193 Mich 682. Denial of a motion for new trial was affirmed, the court concluding (pp 696, 697):

"It is a sufficient answer to the question of newly-discovered evidence to say that the affidavit of the proposed absent witness William J. Weston was not produced. As to what he would have testified to upon a new trial the court was not informed except by hearsay. The affidavit of Mr. Weston was not furnished in support of the motion, but merely the affidavits of the plaintiff and their counsel. They are hearsay, and were not proper affidavits on which to base an order for a new trial."

See, also, *Cutler* v. *Spens,* 191 Mich 603; *People* v. *Borowski,* 330 Mich 120.

Defendant's reliance upon *Cole* v. *Simpson,* 299 Mich 589, is without merit. There, the hearsay affidavit of defendant's attorney was supported by affidavits of persons having actual knowledge of the facts relied upon by the defendant as constituting newly-discovered evidence.

In this case it was incumbent upon the defendant to support his allegations with testimony or affidavit of Melvin Grabowski to the effect if called he would

so testify. Having failed to do either, we cannot say the court erred in denying his motion.

Affirmed. Costs to appellee.

Carr, C. J., and Kelly, Black, Souris, Smith, and O'Hara, JJ., concurred.

Dethmers, J., did not sit.