PEOPLE v McDIARMID

Docket No. 25726. Submitted January 13, 1977, at Lansing.—Decided February 24, 1977.

Mark A. McDiarmid was convicted of delivery of heroin and sentenced to a prison term of 13 to 20 years. The defendant's motion for resentencing was denied, Genesee County Circuit Court, Donald R. Freeman, J. Defendant appeals. *Held:*

Denial of the defendant's motion for resentencing was proper because the supporting affidavit was based upon hearsay.

Affirmed.

1. CRIMINAL LAW—SENTENCING—INACCURATE INFORMATION—MOTION TO VACATE SENTENCE.

Claims that a trial judge considered inaccurate information in sentencing should, before appeal, be presented to the trial court by a motion to vacate sentence supported by appropriate affidavits and, after hearing defendant's claims, the sentencing court shall make such disposition as may be warranted.

2. CRIMINAL LAW—MOTIONS—RULES OF CIVIL PROCEDURE—RESENTENCING—AFFIDAVITS—HEARSAY—COURT RULES.

Affidavits in support of a motion to amend judgment must contain competent legal evidence; therefore, because affidavits based upon hearsay are incompetent evidence to support a motion to amend a judgment the trial court was not in error by denying a defendant's motion for resentencing where the supporting affidavit was based on hearsay because rules of civil procedure will obtain in criminal cases where neither court rules nor statute provide otherwise (GCR 1963, 527.3, 785.1[1]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,*

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 569.
[2] 3 Am Jur 2d, Affidavits §§ 28, 29.
29 Am Jur 2d, Evidence § 493.

Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*Edward P. Joseph,* for defendant on appeal.

Before: D. E. HOLBROOK, JR., P. J., and V. J. BRENNAN and BRONSON, JJ.

PER CURIAM. On May 5, 1975, defendant Mark Alan McDiarmid pled guilty in Genesee County Circuit Court to delivering heroin contrary to MCLA 335.341(1)(a); MSA 18.1070(41)(1)(a). He was sentenced on August 21, 1975, to a prison term of 13 to 20 years. Subsequently, defendant filed a motion requesting resentencing upon the basis of an affidavit alleging use by the trial court of improper and inaccurate information[1] in the original sentencing decision. The court denied defendant's request for a hearing. Defendant appeals as of right.

On appeal, defendant alleges that the trial court erred reversibly by denying him a hearing on the strength of the affidavit submitted in support of his motion for resentencing. We do not agree.

The Michigan Supreme Court has recently held that where defendant asserts that the trial court has considered inaccurate information in its sentencing and timely moves the court to vacate the sentence prior to appeal, including with his motion appropriate supporting affidavits, the trial court shall hear defendant's claims and make a proper disposition. *Guilty Plea Cases,* 395 Mich 96, 137; 235 NW2d 132 (1975).

No special rule or statute applies to measure the

---

[1] According to the affidavit secured from defendant's brother, James L. McDiarmid, information was provided him by a third party to the effect that the sentencing judge believed defendant had perjured himself while testifying in another criminal matter, thereby implying that the judge had relied on this belief in sentencing defendant here.

appropriateness of the supporting affidavit. Therefore, we turn to GCR 1963, 785.1(1), which states that rules of civil procedure will obtain in criminal cases where neither court rule nor statute provide otherwise. GCR 1963, 527.3 requires that affidavits in support of a motion to amend judgment must contain competent legal evidence. Consequently, as Michigan courts have held affidavits based upon hearsay incompetent evidence to support a motion such as the present, we conclude the trial court was not in error by denying defendant's motion. See *Sylvester v Grabowski,* 370 Mich 503, 506–507; 122 NW2d 707 (1963), *Crowley v Upleger,* 273 Mich 541, 542–543; 263 NW 737 (1935).

Affirmed.